ALBERT J. WALLER v. LAURA WALLER.[1]

November 29, 1907.

Nos. 15,436—(101).

**Annulment of Marriage.**

    An action to annul a marriage upon the ground that the same was procured by means of fraud and duress is not an action for a divorce, within the proviso contained in section 4160, R. L. 1905.

**Same—Opening Judgment.**

    The trial court did not abuse its discretion in opening the judgment annulling the marriage between the parties and permitting respondent to answer the complaint therein.

Action in the district court for Norman county to dissolve a marriage contracted without the consent of plaintiff. The defendant did not answer or appear. The case was tried before Watts, J., who ordered judgment in favor of plaintiff. From an order vacating the judgment and allowing defendant to answer, plaintiff appealed. Affirmed.

*N. T. Moen* and *A. A. Miller,* for appellant.

*H. Steenerson,* for respondent.

LEWIS, J.

This action was brought for the purpose of having the marriage between appellant and respondent declared void upon the ground of fraud and duress. No appearance having been made by respondent, judgment was entered upon default. Respondent then moved to open the judgment and for leave to answer. The trial court granted the motion, and the question here is: Did the court have power to open such judgment, and, if so, was there an abuse of discretion?

This is not an action for a divorce under section 3574, R. L. 1905, but it is an action to secure the annulment of the marriage, as provided by section 3570, upon the ground that it had been procured by means of fraud and duress; the parties never having cohabited. The action is authorized upon the theory that there never was a marriage

[1] Reported in 113 N. W. 1013.

in fact.   Section 4160, R. L. 1905, is not a grant of power, but simply regulates the inherent power of the court over its own judgments and proceedings in execution thereof.   Dunnell, Pr. § 1398.   But the statute is general in terms, with the one exception.   It is in the interest of justice, and should be liberally construed, in order that causes may be tried upon the merits.   Divorce proceedings are different from other civil actions, on account of the peculiar obligations growing out of the marriage relation, and such actions were very properly excepted from the provisions of section 4160.   But no presumption should be indulged that it was the intention to except actions of this character from the statutory regulation.   We hold that the proviso in section 4160 should be strictly construed, and has no application to this case.

We have read all the affidavits and pleadings.   This is not a case calling for a discussion in detail of the claims of the respective parties.   Considering the possibility that appellant was attempting to relieve himself from a burden imprudently assumed and the unfortunate situation in which the respondent was left by the judgment annulling the marriage, we are of opinion that the trial court wisely opened the judgment and directed the case to be heard upon its merits.

Affirmed.