STATE EX. REL. JOHN NELSON v. DISTRICT COURT OF WABASHA COUNTY AND OTHERS.[1]

May 29, 1919.

No. 21,460.

**Workmen's Compensation Act — change of venue.**

The statutes providing for change of venue are not applicable to the Compensation Act. State v. District Court, 129 Minn. 423, 152 N. W. 838, followed. [Reporter]

John Nelson petitioned the supreme court for an order to show cause why mandamus should not issue, directing the district court of Wabasha county, the Honorable C. E. Callaghan, judge thereof, and the clerk of said court, to transfer to the district court of Hennepin county a proceeding under the

[1] Reported in 172 N. W. 486.

Workmen's Compensation Act begun in Wabasha county. Order to show cause discharged.

*Erling Swenson,* for petitioner.

*Granger & Clemens,* for respondents.

PER CURIAM.

Order to show cause why mandamus should not issue directing respondents, the judge of the district court of Wabasha county and the clerk of said court, to transfer to the district court of Hennepin county a proceeding, under the Workmen's Compensation Act, instituted in said Wabasha county by the insurer of relator's employer to determine the amount he was entitled to recover on account of an accidental injury received by him in the course of the employment. The accident happened in Wabasha county. Relator, the servant injured, resided and still resides in Hennepin county. The employer, as well as the insurer of the employer, are foreign corporations The complaint was served April 1, 1919, and the matter set for hearing for May 12. On April 15 relator served an affidavit for change of venue to Hennepin county and filed proper proof. The respondent clerk refused to transfer the cause. And on the day set for the hearing relator appeared specially and objected to the jurisdiction of the court and demanded that the proceeding be transferred to Hennepin county.

The proceeding under the Workmen's Compensation Act is designed to be speedy and summary. No provision for a change of venue is contained therein. Section 8216, G. S. 1913, provides that in case of dispute as to the amount of compensation either party may submit the claim "to the judge of the district court of the county which would have jurisdiction in a civil case." Section 8225 specifies the procedure in case of dispute; a complaint must first be presented to the judge for fixing the place and time for hearing, and then the complaint is to be "filed with the clerk of the district court of the proper county." Section 8230, subd. m.: " 'The court,' as used in the act, shall mean the district court which would have jurisdiction in an ordinary civil case involving a claim for the injuries or death in question." The complaint is to be served within four days after being filed, and the answer shall be filed within seven days after the service of the complaint. The provisions for a change of venue do not fit in with the procedure under this act. We think there is good reason for not making the change of venue statute applicable, where it was intended to give a speedy adjustment. Furthermore, proceedings of this kind are begun by presenting the complaint to a district judge. It is fair to presume that the judges will not fix the place of hearing so as to make the attendance an unnecessary hardship for either party. That change of venue statutes have no application to Workmen's Compensation proceedings was virtually decided in State v. District Court of St. Louis County, 129 Minn. 423, 152 N. W. 838.

The order to show cause is discharged.