IN THE MATTER OF THE APPLICATION OF MAMIE
MURPHY v. H. H. BORGEN AND OTHERS.
H. H. BORGEN, RESPONDENT.[1]

April 8, 1921.

No. 21,916.

**Registration of title to land — vacation of decree for excusable neglect of party.**

1. In proceedings under G. S. 1913, § 6868, et seq., for the registration of land titles, a party to the proceeding who is served with the summons is not entitled to a vacation of the final decree and for leave to answer and defend on the ground of his excusable neglect to appear and answer within the time allowed by the statute.

**Same.**

2. The court is without authority, discretionary or otherwise, to grant such relief in that proceeding.

**Statute inapplicable.**

3. The mistakes and amendment statute, G. S. 1913, § 7786, has no application to Torrens proceeding.

In an application to register title to certain land a decree of registration was entered. Thereafter defendant Borgen, setting up a written lease of the premises, obtained permission to file his answer. From an order, Cant, J., granting defendant Borgen's motion to review the decree of registration for the purpose of determining his rights, Mamie Murphy appealed. Reversed.

*H. B. Haroldson,* for appellant.
*McCoy & Hansen,* for respondent.

BROWN, C. J.

The trial court, in a proceeding to register title to land under the Torrens Act, vacated the decree of registration and permitted a defendant in default to answer. The defendant had been served with the summons.

[1]Reported in 182 N. W. 449.

The application was made promptly and within 28 days after the decree was entered and the proposed answer stated a good defense. The showing made was such as to constitute mistake or excusable neglect, sufficient in an ordinary action to warrant the court in vacating a judgment and granting leave to answer. The court did not find fraud and there was no evidence to sustain such a finding. In a memorandum attached to his order the court said: "There is ground for urging" that the circumstances "would work a legal fraud \* \* \* if he were given no relief as against the decree which was entered." We find no "legal fraud," unless a judgment of a court given by default where the defaulted party had a defense, which, though duly served with the summons he failed to present, is always "legal fraud." It cannot well be so decided.

The appeal then presents the single question whether the court may, in a Torrens registration proceeding, vacate the final decree and permit the interposition of an answer on application of a defendant who was served with the summons, but who, by reason of mistake, surprise or excusable neglect, failed to answer. It was the view of the trial court that such power exists. We are unable to sustain that conclusion.

Section 6889, G. S. 1913, provides that "except as herein otherwise provided, every decree of registration shall bind the land described therein, and shall forever quiet the title thereto and shall be forever binding and conclusive upon all persons, whether mentioned by name in the summons, or included in the phrase, 'all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the application herein' and such decree shall not be opened, vacated or set aside by reason of the absence, infancy or other disability of any person affected thereby, nor by any proceeding at law or in equity for opening, vacating, setting aside or reversing judgments or decrees, except as herein especially provided."

The language of the statute quoted is far too specific and clear to leave room for doubt or conjecture of the legislative intent to make the registration decree final and binding from date upon all parties who are served with the summons, and final and binding upon all "unknown parties" from and after 60 days from this date. Provision is made for relief in specific instances, but the act, construed with the utmost liberality, furnishes no sufficient basis for the conclusion that a party to the proceeding

who was served with the summons, as in the case at bar, may, upon a showing of excusable neglect, be relieved from his failure to appear and answer. The suggestion that the legislature, in the enactment of the statute, intended to leave the court free to grant relief of that character in the exercise of its equitable powers, finds no support in the statute. Such a construction of the statute would, in effect, reduce the Torrens proceeding to the ordinary action to determine adverse claims, exposing the final decree therein to all the uncertainties and delays incident to an action of that kind after judgment. If the statute were construed to grant that authority to the court, the finality of the decree, the fundamental basis, as well as the capstone of the Torrens system of perfecting land titles, would disappear, for just what a court may do to the Torrens judgment on application addressed to its equitable powers will find a limit only in the ingenuity of counsel in searching for and devising methods of attack.

Section 6895 of the act is one of limitations, and connot be construed as in effect granting the relief which section 6889 in express language withholds. The general mistakes and amendment statute, G. S. 1913, § 7786, has no application to Torrens proceedings. The party served with the summons in the Torrens proceeding is given his day in court and under that statute must suffer the consequence of his failure to appear and present his defense, for no relief for his default is there given.

Order reversed.