# INTEGRITY MUTUAL CASUALTY COMPANY OF CHICAGO v. JOHN NELSON.[1]

June 24, 1921.

No. 22,408.

**Workmen's Compensation Act — settlement not open to readjustment, when.**

1. A lump sum settlement in proceedings under the Workmen's Compensation Act, entered into by the parties under the provisions of G. S. 1913, §§ 8216 and 8222, approved by the trial court and formally confirmed by its judgment, and paid by the employer, in the absence of fraud or deception, is final and not open to readjustment.

[1]Reported in 183 N. W. 837.

149 M.—22.

**Same — court without jurisdiction.**

   2. It was within the power of the legislature to declare such settlements final, and when not challenged for fraud the courts are without authority, inherent or otherwise, to nulify the legislative declaration to that effect.

**Statute inapplicable — case distinguished.**

   3. The mistakes and amendment statute, G. S. 1913, § 7786, is inapplicable. State v. District Court of Rice County, 134 Minn. 189, is distinguishable in that it did not involve a lump sum settlement.

Proceeding under the Workmen's Compensation Act. The history of the case will be found at the beginning of the opinion. Upon the relation of defendant, the supreme court granted its writ of certiorari directed to the district court for Wabasha county and the Honorable Charles E. Callaghan, one of the judges thereof, to review the order denying relator's motion to vacate and open the settlement made by the parties thereto and vacating and opening the judgment confirming that settlement. Affirmed.

*Erling Swenson,* for relator.

*M. C. Tifft,* for respondent.

BROWN, C. J.

Defendant was in the employ of the Omaha Structural Steel Bridge Company, a corporation, and claims to have received, while in the course of his employment on April 23, 1918, an injury, for which compensation was due him under the Workmen's Compensation Act. He made no claim thereto until the commencement of this suit by the surety for the employer on March 31, 1919, to determine whether he was injured, and, if so, the compensation to which he was entitled under the law; he then interposed his claim. The action was commenced in Wabasha county, wherein the injury was received, if at all, and defendant, then a patient in a hospital in the city of Minneapolis, through his attorney made application for a change of venue to Hennepin county. The application was denied. State v. District Court of Wabasha County, 142 Minn. 503, 172 N. W. 486. He then moved for a change of venue on the ground of convenience of witnesses and that was also denied. In July, 1919, following, the cause came before the

court for trial, whereupon the parties entered into a settlement and adjustment of the controversy, by which the lump sum $750 was agreed upon in full compensation for defendant's injuries. Defendant was represented by his present attorney. The settlement was formally approved by the court, judgment was entered accordingly and the amount thereof paid to defendant. Thereafter in July, 1920, a little less than a year from the date of the judgment so approving the settlement, defendant made application to the court to vacate the settlement and for a retrial and further inquiry into the question of the extent of his injuries, and for a readjustment of his compensation. The application was based on "the ground of newly discovered evidence unknown to defendant at the time of the settlement, and on the further ground that defendant was compelled to enter into the settlement because of the prohibitive cost and expense of trying his claim in court, and on the further ground that the amount received in settlement was clearly inadequate to compensate for his injuries, and that manifest wrong has been done him."

The record presents two questions, namely: (1) Whether the lump sum settlement, approved by the trial court, and paid by the employer, is under the compensation act final and not open to readjustment; and, if not final, (2) whether the trial court abused its discretion in denying the application.

The first question must be answered in the affirmative, and, as that disposes of the case and results in an affirmance of the order under review, special consideration of the second question becomes unnecessary.

G. S. 1913, § 8216, provides that the parties concerned may settle all controversies arising under the compensation act from injuries to employes, subject to the approval of the court, and for judgment in harmony with the terms of their agreement, and, by section 8221, that all such agreements, where the amount agreed upon does not exceed compensation for six months' disability, shall be final and not subject to readjustment; all awards by the court within the same limitation as to amount are likewise made final. This applies to settlements and awards providing for periodical payments, invalid unless approved by the court. In re Clarkson v. Northwestern Con. Milling Co. 145 Minn. 189, 175 N. W. 997, 176 N. W. 960. Section 8222 treats of lump sum set-

tlements, and awards payable periodically for periods exceeding six months, and the lump sum settlement is there made final, while relief from an award exceeding six months' disability payable periodically is open to readjustment on the grounds therein specified. The statute reads: "All amounts paid by employer and received by the employe or his dependents, by lump sum payment, shall be final; but the amount of any award payable periodically for more than six (6) months may be modified" as herein provided.

The statute seems quite clear in expression and purpose and will admit of but one construction, and that to the effect that the law-making body intended the particular settlement to end finally matters so adjusted. The finality feature was no doubt made a part of the statute, in encouragement of settlements in the expectation that payment of compensation would promptly reach the injured workman, and the delay usually incident to the litigated controversy be thus avoided. That has been the general understanding of the statute for several years. In fact soon after the passage of the act the state labor commissioner who, by section 8229 thereof, is charged with the duty of advising laborers of their rights under the law, applied to the attorney general of the state for a construction of this particular section. That office gave out the opinion that settlements of the kind are final and not subject to readjustment. The opinion, no doubt sound, has at all times since been acted upon as correct interpretation of the statute. Bulletin No. 9, Opinions of Attorney General to Labor Department, page 8. The question was not presented in State v. District Court of Rice County, 134 Minn. 189, 158 N. W. 825, a lump sum settlement not being there involved.

The question requires no further discussion. It was within the power of the legislature to make such settlements final, and the courts are without authority, inherent or otherwise, to nullify the legislative declaration to that effect, except for fraud or deception of a character to entitle the complaining party to relief. Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 Am. St. 394; Murphy v. Borgen, 148 Minn. 375, 182 N. W. 449. But no fraud is here claimed. Defendant had the advice of able counsel in the matter, and there is no suggestion of overreaching by the employer or the insurance company charged with

the payment of the claim. Errors of the court or of the clerk in the entry of the judgment in approval of the settlement, may of course be corrected by the court as in other cases. But G. S. 1913, § 7786, insofar as it grants to the court authority in its discretion to relieve a party from his mistakes and excusable neglect, has no application to the lump sum settlement entered into under the compensation act. Murphy v. Borgen, supra.

Order affirmed.

HALLAM, J. (concurring in result).

I concur in the result, but I do not agree that the compensation act has taken from the court its inherent power to relieve against its own judgments taken through mistake, surprise or excusable neglect. This power was not granted, but only limited by G. S. 1913, § 7786. Gerish v. Johnson, 5 Minn. 10 (23); Russell v. Blakeman, 40 Minn. 463, 42 N. W. 391; Waller v. Waller, 102 Minn. 405, 113 N. W. 1013.

I find nothing in the compensation act which, in my judgment, deprives the court of this salutary inherent power. In fact section 8216 provides in terms that judgments entered on settlement of the parties "shall have the same force and effect * * * as other judgments of the same court." The provisions of section 8221 that all settlements by agreement of the parties and all awards made by the court of compensation for disability of six months or less shall be "final and not subject to readjustment," and the provision of section 8222 that all amounts paid by the employer by lump sum payment shall be final, but the amount of any award payable periodically for more than six months may be modified by agreement, or by the court on application based on increase or decrease of capacity occurring since the award was made (State v. District Court of Hennepin County, 136 Minn. 147, 161 N. W. 391), destroy judgments for periodical payments of finality, but merely place lump sum judgments on the same footing as other judgments of the court, which are commonly spoken of as "final." State v. Probate Court of Ramsey County, 83 Minn. 58, 60, 85 N. W. 917. The term "final" is used in contradistinction to the term "subject to readjustment."