No. ——

First Circuit Appeal

---

ISAAC CRAWFORD v. F. A. CRAWFORD LUMBER CO., ET AL.

---

(Feb. 18, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant— Par. 154.

A settlement made and duly approved by the court under Employer's Liability Act of Louisiana, No. 20 of 1914, Section 8, Sub-section 8, as re-enacted by Act No. 43 of 1922, is binding on all parties where no fraud or misrepresentation is alleged or proven.

(Note: The recent re-enactment is Act 216 of 1924.)

Appeal from the parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This is a suit for compensation under Employer's Liability Act No. 20 of 1914. The defense was a prior settlement of claim.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

L. L. Morgan, of New Orleans, attorney for plaintiff, appellant.

Ellis & Cappell, of Covington, and J. Henriques, of New Orleans, attorneys for defendant, appellee.

LECHE, J. On the third day of April, 1922, or thereabout, plaintiff was painfully injured while employed as a laborer in defendant's sawmill. His left arm was badly cut and the tendons and muscles were lacerated to such an extent that he has almost lost the use of his arm and hand. Immediately after the accident he was attended to by a physician, taken to a hospital where he remained for some

time, receiving surgical treatment, and compensation under the Employer's Liability Act.

The disability proved to be partial but permanent. During the month of September, 1922, plaintiff entered into an agreement with the defendants whereby they settled his compensation by paying him a lump sum of money in cash.

The settlement thus agreed to, was entered into in good faith by all parties and was duly approved by the court in conformity with the provisions of paragraph 8, of Section 8, of Act 20 of 1914, as re-enacted by Act 43 of 1922, page 79.

The present suit was filed February 21, 1923, and is for the recovery of compensation at the rate of five dollars and four cents per week for a period of four hundred weeks beginning from the date of the accident less the amount acknowledged to have been received.

The gist of plaintiff's complaint is that he was induced into error by accepting a lump sum in full settlement, but while testifying as a witness he admits that the defendants acted in good faith and he says that they, as well as himself, erred in their construction of the law regarding the amount of compensation to which he was entitled. The settlement approved by the court and entered into in September, 1922, is not specifically alleged in plaintiff's petition. The only allegation which appears as indirectly attacking such settlement, is, that "defendants insisted" that their offer of settlement was exceptionally liberal and that they "urged" him to accept it and that because defendants are his blood relations, he "reluctantly" acted upon their advice. The prayer of plaintiff's petition does not ask that the settlement made in September, 1922, be set aside or avoided as fraudulent, and in fact no allusion is made thereto.

The evidence fails to show any fraud, or misrepresentation on the part of the defendants and so far as we can see, the amicable adjustment was fair and in conformity with the law. We were not favored with argument either oral or written on the part of plaintiff, and we can discover no good reason to avoid or ignore the settlement of September, 1922. No change has arisen in the condition of plaintiff to authorize or justify a re-opening of the issues closed by that settlement.

Our learned brother of the district court whose benevolence is familiar to all who know him, in his written reasons for judgment expressed his sympathy for the unfortunate condition of plaintiff, but reached the same conclusion as we do, that plaintiff has received all the compensation to which he is entitled under the law.

The judgment appealed from, is therefore affirmed.