## No. 2198
## Second Circuit

---

R. A. SEXTON v. A. QUERBES, as Receiver, etc.

---

(November 4, 1925, Opinion and Decree)
(December 17, 1925, Rehearing Refused)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 154, 160 (e).**
Where an injured employee, under the Workmen's Compensation Act No 20 of 1914, erroneously gives a receipt in full, thinking that he was temporarily injured, but when, in fact, his injuries were permanent, and such settlement was not approved by the court, the employee will not be bound by the receipt thus given.

2. **Louisiana Digest—Master and Servant —Par. 154.**
Where an injured employee recovers, under Section 8, Subsection 1 (e), of the Workmen's Compensation Act No. 20 of 1914, his compensation should be paid during a period of one hundred weeks.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

This is a suit brought by an injured employee for compensation under the Workmen's Compensation Act No. 20 of 1914.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Bullock & Warren, of Shreveport, attorneys for plaintiff, appellee.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellant.

REYNOLDS, J. This is a suit for $1042.00, payable in weekly installments of $18.00 per week, under the Workmen's Compensation Law of Louisiana, for injury to plaintiff's thumb and two fingers of his right hand.

Defendant denied liability on the ground that plaintiff claimed compensation for temporary total disability from February 3, 1923, to June 4, 1923, four months, and that defendant paid him for same the full amount claimed, $308.00, and took his receipt in full settlement for the injury, the receipt reading in part as follows:

"By this the employee acknowledges to have received the full amount due him under the terms of the agreement of settlement made under the Workmen's Compensation Law, and hereby releases and discharges the employer and its heirs, executors, administrators, successors and assigns of and from any and all causes of action, claims and demands whatsoever which he ever had, now has or may hereafter have, by reason of the said accident."

And defendant alleges that plaintiff:

"Having accepted compensation for being temporarily totally disabled, that he cannot now recover any other compensation."

There was judgment for plaintiff and defendant appealed.

### OPINION

Defendant, in an able brief, insists that plaintiff's receipt in full for all injury by which he was temporarily totally disabled bars him from recovery in this suit.

The settlement in which the receipt above referred to was taken was made and accepted in good faith but under an error of fact and, therefore, defendant is not bound by it either in law or equity.

Doctor Louis Abramson testified, page 10:

"Q. Dr. 'Abramson, you are the surgeon for the Union Indemnity Company, the examining physician for the Union Indemnity Company?

"A. I am one. They send me a number of cases.

"Q. You know Mr. R. A. Sexton?

"A. Yes.

"Q. Did you have occasion to see him professionally in February, 1923?

"A. Yes, sir.

\* \* \* \*

"Q. Well, at that time when he received this money, did you advise him about the condition of his hand? And what was your opinion? Just what did you advise him with reference to that?

"A. As far as I recall, I advised him his hand was going to get all right.

"Q. You thought it would at that time?

"A. Yes, sir."

Plaintiff testified, page 7:

"Q. At the time you signed this document, did you accept the medical advice given you?

"A. Yes, sir.

"Q. And you signed it on the basis of that and on the face of that medical advice?

"A. Yes, sir.

"Q. Who was it particularly that advised you?

"A. Dr. Abramson.

\* \* \* \*

"Q. What did you understand to be the nature and extent of the injuries at the time you signed this document from the medical advisers by Dr. Abramson, the company's doctor?

"A. I understood my hand would be as well and would be in as good condition as before."

Under this evidence it is clear that the plaintiff cannot be held to the receipt after he discovered on the first day that he attempted to resume work that his hand was permanently injured fifty per cent of its normal use.

Doctor Louis Abramson and Doctor Guy Caldwell in a letter to the Union Indemnity Company, dated October 4, 1923, estimate that the disability in plaintiff's hand is fifty per cent of its efficiency.

It is therefore apparent that both the doctors representing Union Indemnity Company and the plaintiff were in error as to the future usefulness of plaintiff's hand at the time the receipt was given.

Plaintiff is therefore not bound by the receipt.

Besides this, Section 17 of Act 20 of 1914 provides:

"That the interested parties shall have the right to settle all matters of compensation between themselves. But all agreements of settlement shall be reduced to writing and shall be substantially in accord with the various provisions of this act, and shall be approved by the court. The agreement between employer and employee or his dependent shall be presented to the court upon joint petition of employer and employee or his dependent, which petition must be verified by both parties. The settlement so approved shall be immediately entered as the judgment of the court, and such judgment shall have the same force and effect and may be satisfied as other judgments of the same court."

In view of this provision of the law plaintiff cannot be held to a receipt which has not been approved by the court.

In Craft vs. Lumber Co., 151 La. 281, 91 South. 736, the Supreme Court held:

"The settlement by an injured employee, without approval by the court, for $15.00, of his claim for compensation for which he was subsequently awarded $2970.00, was in violation of Employers' Liability Act, Section 8, Subsection 9, and not binding on the employee."

Defendant further claims that plaintiff, having received compensation for temporary total disability, cannot now recover any other compensation.

The Supreme Court, in Mack vs. Legeai, 144 La. 1017, 81 South. 694, held the contrary.

Under the evidence in the case and the law we are convinced that the judgment of the lower court is correct as to the amount allowed; but, under the authority of Garr vs. Wyatt Lumber Co., 147 La. 685, the period for paying should be during 100 weeks; and the judgment is therefore so modified as to read, for the sum of thirteen hundred and fifty dollars payable in weekly installments of $13.50 each, beginning February 10, 1923, with legal interest on said installments from their respective maturities until paid; subject to a credit of three hundred and forty-two dollars to be applied to the first maturing installments.

Defendant is taxed with the costs of both courts.