## FAIRCLOTH v. STEARNS–ROGER MFG. CO.
### No. 4504.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Langston & Thomas, of Minden, for appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, and Clifford E. Hays, of Minden, for appellee.

MILLS, Judge.

On the 13th day of March, 1931, the above parties appeared before the Twenty-Sixth district court for the parish of Webster, alleging in a joint petition that W. P. Faircloth, while working for defendant, suffered a scratch on his ankle, which, becoming infected, caused him to suffer total temporary disability for a period of thirteen weeks, entitling him to compensation aggregating $186.29, representing the entire compensation due the plaintiff because of said injury; that both parties were desirous of effecting a settlement upon the above basis, payable in a lump sum, to be approved by the court.

Judgment was signed in chambers for the amount agreed upon and commuting it to a lump sum payable in cash, whereupon plaintiff signed the following receipt:

"Received, of the Stearns-Roger Mfg. Co., through its insurer, the London Guarantee & Accident Company, the sum of $185.29, same being in full and final settlement of all compensation due me on account of injuries sustained on December 31, 1930, while in the employ of the Stearns-Roger Mfg. Company and being in full settlement and satisfaction of the above judgment."

Faircloth, on the 1st day of August, 1932, brought the present suit, setting out the previous proceedings and alleging that in June, 1932, his ankle completely broke down be-

cause of the injury, rendering him totally and permanently unable to work; that, because of the change in his condition and increase in his disability since the rendition of the first judgment, the case should be reopened and the judgment amended and revised in accordance with the provisions of section 20, Act. No. 20 of 1914, as amended by Act No. 85 of 1926, and that he now have judgment of 175 weeks' compensation, less the amount already paid.

Defendant excepted that the petition disclosed no cause or right of action and pleaded that the judgment first rendered constituted res judicata entitling it to the dismissal of plaintiff's suit with costs.

Evidence taken on the plea of res judicata shows, without question, that the original lump sum settlement was entered into with good faith on both sides; that a hemorrhage from a bursted blood vessel in plaintiff's ankle had become infected, causing an ulcer. At the time of the settlement, the ulcer had healed, leaving some stiffness and swelling that was honestly expected to pass off without trouble.

Upon the record, as thus made up, the lower court sustained all three of defendant's exceptions and dismissed plaintiff's suit. From this judgment, plaintiff appeals.

The plea of res judicata forms the basis of all three exceptions. It alone will be considered.

Lump sum settlements are provided for in subsection 9, § 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928. Amounts payable as compensation may be commuted to a lump sum by agreement of the parties, after having been approved by the court. The payments due under the act cannot be discounted more than 8 per cent. per annum, under heavy penalty. The act reads:

"But upon the payment of a lump sum settlement commuted on a term agreed upon by the parties, discounted at not more than 8 per centum per annum and with the approval of the Court, the liability under this Act of the employer making such payment shall be fully satisfied. * * *"

■ It is settled in our jurisprudence that a compensation judgment cannot be modified under the provisions of section 20 of the act, after its term has expired and it has been fully paid. Sweeney v. Black River Lbr. Co., 4 La. App. 244.

■ We think unquestionably that an order approving a lump sum settlement is a judgment governed by the same rules as one rendered after a hearing on the merits, for the language of the act itself is that a payment by the employer of a duly approved lump sum settlement fully satisfies liability under the act.

We are not called upon to decide whether the judgment of commutation to a lump sum authorizing a payment in advance of the weekly compensation would deprive the employee of the right to have the settlement modified during the term covered by the settlement as, in the present case, the term of thirteen weeks had long expired when the present petition was filed.

■ We find the question has been passed upon favorably to defendants in the following decisions of courts of other states:

A lump sum settlement properly approved bars the right to further compensation for blindness caused by the accident but developing after and unknown at the time of the settlement. The approval of the agreement terminated all the compensation rights of the claimant. When the settlement is approved and payment made, it is in full for all compensation, general and specific, under the act, binding upon both parties. In re McCarthy's Case, 226 Mass. 444, 115 N. E. 764.

Where a lump sum agreement is entered into, approved by the court and paid, in the absence of fraud, both parties are bound. The Industrial Commission has no authority to make a further award. Bales Bros. Sand Co. v. State Ind. Com., 113 Okl. 88, 239 P. 168; Duhrkopf v. Bennett, 108 Neb. 142, 187 N. W. 813; Integrity Mut. Cas. Co. v. Nelson, 149 Minn. 337, 183 N. W. 837.

The reasoning in these cases is that a lump sum settlement constitutes a voluntary contract between the parties, fair on its face, and intended to terminate the controversy between them. The Workmen's Compensation Act recognizes the right of the parties to so contract, requiring only, for the protection of the employee, that such settlements must be approved by the court. In the absence of fraud, there is no reason why such contracts should not be enforced.

The rights of the employer are concluded by the settlement as his money has been paid out. He certainly would not be heard if he came into court seeking the reduction of such a settlement. We see no reason why it should not be mutually conclusive as to both parties. Crawford v. Crawford Lbr. Co., 1 La. App. 636.

■ The case is presented by counsel for defendant principally on the theory that the lump sum settlement was a transaction of compromise governed by the decision of our Supreme Court in the case of Young v. Glynn, 171 La. 371, 131 So. 51, the provisions of section 17 of the Workmen's Compensation Act (as amended by Act No. 38 of 1918), and articles 3078, 1860, and 3071 of the Revised Civil Code. Such a settlement may be an act of compromise where grounds of difference exist as to liability or period of liability. Musick v. Central Carbon Co., 166 La. 355, 117 So. 277.

In the present case, the petition for the approval of the lump sum settlement suggests

no differences whatever. It is in the nature of an agreed statement of facts.

■ Though the receipt goes further than the judgment, it could not transform the transaction into one of compromise because no compromise had been approved by the court. Sexton v. Querbes, 3 La. App. 203.

Compromise settlements are governed by the provisions of section 17 of the act (as amended by Act No. 38 of 1918). Under its terms, such agreements must be in accord substantially with the act, must be reduced to writing and approved by the court and immediately entered as the judgment of the court. It shall then " * * * have the same force and effect and may be satisfied as other judgments of the same court."

While it is settled by the decision in Young v. Glynn, supra, that, in the absence of fraud, such settlements cannot be modified, we think this case is governed by subsection 9 of section 8 of the act and cases interpretative thereof, and should be determined by its provisions and not by the law of compromise.

Section 20 of the act provides for the modification of compensation judgments, but the right of plaintiff to such modification in the present case has been concluded adversely to plaintiff by the decisions quoted supra, whether the judgment sought to be modified be held one of contractual agreement or one of compromise.

Therefore the judgment of the lower court, sustaining the exceptions of no cause or right of action and the plea of res judicata, is affirmed.