## PERKINS v. MILLS ENGINEERING & CONSTRUCTION CO. et al.*

### No. 1784.

Court of Appeal of Louisiana. First Circuit.

### Jan. 11, 1938.

Dubuisson & Dubuisson, of Opelousas, for appellants.

Julius T. Long, of Shreveport, for appellee.

DORE, Judge.

The suit is for compensation for total and permanent disability on the basis of $9.36 per week for a period not exceeding 400 weeks on account of an injury plaintiff claims to have received while lifting a log in clearing a right of way as an employee of the defendant construction company on May 21, 1936. The injury for which compensation is claimed is an inguinal hernia on the left side. The insurance carrier is joined as a codefendant. Defendants deny that plaintiff received an injury while in the employ of the construction company, and deny that he is disabled.

The appeal is from a judgment in favor of plaintiff as prayed for.

*Decree set aside on rehearing 179 So. 318.

There are two principal questions of fact involved in the case: First, whether or not the plaintiff has a hernia in his left side incapacitating him from work; and, second, if he has such a hernia, did he receive it in the course of his employment?

More than five years ago plaintiff was operated on for a hernia in his left side. He claims that there was no evidence of a recurrence of this hernia prior to the accident on which his present claim is based. In support of this fact he offered the testimony of his wife and brother, both of whom say they have seen plaintiff stripped on many occasions and that there was no sign of a hernia before the alleged accident; that there was a bulging or lump near the old scar after the accident. Plaintiff testified that he was examined by the doctor of another company about a month before the accident, and this doctor gave him a slip showing that he was able to go to work; that this doctor had him stripped and examined him thoroughly. Other witnesses testify to having seen this slip of paper, but the court refused to permit its introduction in evidence when offered.

Plaintiff testified that while he was lifting on a log in clearing a right of way, a cramp caught him in the left side, like a knife sticking him; that his side ached and he got real sick at his stomach and lay down under a tree; that he did not work any more that day, but lay around until quitting time, and then went home on a truck with some of the men; that he noticed this bulge or lump in his left side.

Two or three witnesses who were working with plaintiff testify that he complained of being hurt and getting sick, one of these witnesses stating that plaintiff looked sick; that something was wrong with him. Plaintiff's wife testified that when plaintiff came home the evening of the alleged accident, he complained of his side; that when he got to the door he sat down and said his side was stinging, and there was a knot or bulging there. Plaintiff's brother testified that plaintiff stopped by his home that night on the way home, that plaintiff complained of this pain in his side, and that he showed the witness the bulging in his left side.

Unless plaintiff and these witnesses are falsifying their testimony, it must be conceded that plaintiff suffered some kind of a strain and injury on the date mentioned. If he did not, then, in our opinion, he can be classed as one of the best fakers that

ever presented a false claim. Evidently the trial. judge believed these witnesses and did not believe that the plaintiff was faking. The trial judge knows the parties better than we do, and we are not prepared to say that he erred.

■ Something happened to plaintiff while he was lifting the log. Did the strain cause a hernia? The day after the injury, plaintiff was examined by Dr. Strother, who has been practicing in the neighborhood for 35 years. Dr. Strother found that plaintiff then had a hernia in his left side. This doctor felt the protrusion and reduced it and put his finger in the opening in the abdominal wall. The doctor describes the injury as a direct hernia, and resulted from a new condition. The doctor made a casual examination of plaintiff at the time of the trial and found that the rupture was then further down than when he first examined plaintiff.

Dr. Reid examined plaintiff twice after the accident. The last examination was made on July 29, 1936, with Dr. Shaw, for the insurance company. Dr. Reid made the examination and Dr. Shaw looked on and concurred in the findings. These two doctors found a definite weakness of the abdominal wall on plaintiff's left side in the region of the old scar and a slight bulging, possibly as a result of the operation. They found that he did not then have a hernia, but a potential hernia.

It is significant that these two doctors did find a bulging in the left side and a potential hernia. Dr. Strother said that he put his finger in the opening after reducing the protrusion. The, trial judge must have believed the testimony of Dr. Strother on this point. Moreover, Dr. Strother is corroborated at least in part by the testimony of plaintiff, his wife and brother who testified to the physical fact of a lump or knot in the left side. It does not take a doctor to see a knot or lump in a person's side. Of course, the lump may not always be a hernia, but it is at least indicative of some abnormal protrusion.

Plaintiff is disabled from doing manual labor. The trial judge found that this disability is caused from a hernia and that this hernia is a result of the strain and injury received by plaintiff in lifting the log in the course of his employment with the construction company. We are not able to point out any manifest error in the finding of fact by the trial judge.

Defendant refers us to the case of Marler v. Industrial Lumber Co., Inc., La.App., 155 So. 266. In that case, the trial judge denied compensation and stated in his opinion that he did not believe some of the lay witnesses who testified as to the actual occurrence when the hernia was said to have been caused. But in the present case, the reverse is true, as the trial judge must have believed the lay witnesses and the doctor who testified for plaintiff as he allowed compensation. We have already stated that we cannot point out any manifest errors in the finding of fact by the trial court.

For these reasons, the judgment appealed from is affirmed.