## LINDSEY v. TWIN CITY MOTOR CO., Inc., et al.

### No. 5576.

Court of Appeal of Louisiana.
Second Circuit.

April 1, 1938.

Rehearing Denied April 29, 1938.

Dhu Thompson, of Monroe, for plaintiff.

Theus, Grisham, Davis & Leigh, of Monroe, for defendants.

HAMITER, Judge.

While plaintiff was engaged in the scope and course of his employment as an automobile mechanic for the Twin City Motor Company, Inc., and was in the act of repairing a motor truck, such vehicle rolled across his right foot resulting in injuries to that member. The accident occurred on October 30, 1936, and thereafter he received compensation for a period of 25 weeks.

Upon the cessation of payments, he brought this proceeding under the provisions of the Louisiana Employers' Liability Act, Act No. 20 of 1914, against his employer and its insurer, the Travelers Insurance Company, to obtain a compensation award as for total and permanent disability, plus medical expenses, less a credit for the 25 weeks previously paid.

All of the facts alleged in the petition and material to the case are admitted by defendants, except those pertaining to the extent and duration of the injuries sustained.

The trial involved solely the issue provided by the mentioned exception. At its conclusion plaintiff received a solidary judgment against the defendants awarding compensation "for and during a period of 48 weeks from October 30, 1936, at the rate of $20.00 per week payable weekly beginning November 7, 1936, with five per cent per annum interest on payments from due until paid less and subject to credit for weekly payments for the first 25 weeks heretofore made". The judgment also fixed the fees of the medical experts who testified and those of plaintiff's attorney. The court's decision was rendered on July 10, 1937, and the writing evidencing it was signed July 17, 1937.

All parties appealed from the judgment, defendants' appeals being both suspensive and devolutive.

On September 9, 1937, plaintiff filed in this court a motion to remand the case for

the purpose of permitting the introduction of evidence concerning his alleged continued and increased disability. Therein he avers that his condition is worse and disability greater than during the trial of the case. Attached to the motion are X-ray plates, and also the following sworn statement dated September 3, 1937, of Dr. C. H. Mosely, a duly licensed and practicing physician of Monroe, Louisiana, which reads:

"I have this day examined Mr. L. W. Lindsey and beg to report as follows:

"The physical examination reveals soreness and tenderness of his foot with painful deformity of the second toe. He walks with a decided limp and there is still a swelling of his foot after exercise. The measurement of this injured foot shows it to be smaller at one time than at another. The X-ray examination shows an aggravation of the condition shown at a previous examination. The line of fracture in the navicular bone on X-ray marked number one is more definite than the X-ray exhibited on trial. That line is designated by number one on picture marked number one.

"Now at number two on picture number one there are pieces of bone and traumatic arthritis that exists between the cuboid bone, the navicular bone, the talus bone and calcaneus bone. This is an aggravation over the pictures shown at the trial.

"X-ray picture marked number two shows chip off calcaneum that existed in the X-ray picture at the trial still exists in picture at the present time. There is no improvement in the condition now. My opinion is from physical and X-ray examination that the man is still totally disabled to work. He is permanently and totally disabled to do the weight bearing on this foot necessary in his occupation as an automobile mechanic as testified to in the trial. The heads of the fourth and fifth metatarsal bones still show absorption, or, in other words, to be entirely gone due to this accident on picture marked number one.'.

"In my opinion Lindsey's condition is worse than it was at the trial."

In support of and regarding the motion to remand, plaintiff's counsel states in his brief:

"The plaintiff realizes full well that Section 20 of the Compensation Act says that an application for modification can be made only after the expiration of six months from the date of the judgment of the lower court but since the judgment of the lower court in this case did not award the plaintiff compensation for a period of as much as six months from the date of the judgment and since it has been held, as above stated, that where a claimant does not make application for modification before the expiration of the period fixed in the compensation award he cannot thereafter make such an application and in an effort to protect plaintiff's rights he has made this application for award notwithstanding the six months has not expired."

■ The jurisprudence referred to in the quoted paragraph is furnished by the cases of Sweeney v. Black River Lumber Co., 4 La.App. 244, and Faircloth v. Stearns-Rogers Mfg. Co., La.App., 147 So. 368. Therein this court held that there can be no modification of a compensation award, under the authority of section 20 of the statute, after its term has expired and it has been fully paid.

With reference to the extent and duration of plaintiff's injuries, this furnishing the dispute in the case, the record contains a mass of medical testimony given by twelve physicians and consuming more than 250 pages. Six of these experts were called by plaintiff, while the remainder testified in defendants' behalf. Numerous X-ray plates depicting the claimant's feet were employed in connection with the questions propounded and answers given. Almost all of the witnesses agree that plaintiff sustained in the accident a chip fracture on the outer surface of the oscalsis or heel bone, and also a crushing or fracture of the second toe which required its amputation at the distal end of the second phalanx. Furthermore, all noticed in their respective examinations the absence of the third and fourth toes of the injured foot, the loss of these having resulted by reason of a shotgun accident which occurred during plaintiff's early life.

Defendants' witnesses in the main were of the belief that the above described injuries constituted all that were sustained, and they opined that he was not totally and permanently disabled.

Although the experts offered by plaintiff contradicted one another in certain respects with reference to the specific injuries sustained by the foot, they were generally of the opinion that the accident rendered claimant totally and permanently disabled to do the work of an automobile mechanic for which he was trained. Some of these physicians noticed various fractures or injuries not found by defendants' witnesses,

particularly in the metatarsal, cuboid and scaphoid bones, and they also testified to arthritic changes. Others held to the belief that the disability resulted principally from circulatory disturbances.

To say the least, the record in this case presents not only a deplorable and unfortunate situation, but also an almost incredible one. It hardly seems possible that such divergent and conflicting opinions and findings, as those above mentioned, could be given by members of the medical profession predicated on examinations made of a particular foot and in some instances from the same X-ray plates. And it might be stated that we have been confronted in recent months with records in other cases involving similar and irreconcilably conflicting medical proof.

In determining the degree of a claimant's injury in a controversy of this nature, the court must rely to a great extent upon the findings and sworn statements of those persons trained and skilled in the callings of medicine and surgery; and where these experts differ so widely in their opinions and views regarding a particular injury, it is certain that little assistance, if any, is furnished to those charged with the duty of reaching the required decision. If the building of records such as the one under consideration continues, undoubtedly the lawmakers of this state will provide for the creation of commissions of physicians to examine injured claimants in physical injury suits and make recommendations to the respective courts regarding their findings.

Because of the condition of the record, to which reference has been made, of the peculiar and exceptional circumstances of the controversy, and of the above quoted affidavit, we find ourselves unable at this time to pronounce definitely and finally herein. In the interest of justice, the case will be remanded for the purpose of permitting the litigants to adduce additional proof regarding the extent and duration of claimant's disability. It is hoped, however, that the employee will be examined by a physician or physicans appointed by the district court, pursuant to the provisions of paragraph 3 of section 9 of the Compensation Statute.

The judgment of the trial court is therefore annulled and set aside, and the case is remanded for further proceedings not inconsistent with the views hereinabove expressed. Defendant shall pay the costs of this appeal, while other costs shall abide the final determination of the controversy.