## PELT v. HILLYER, DEUTSCH, EDWARDS, Inc.

### No. 2006.

Court of Appeal of Louisiana. First Circuit.

June 30, 1939.

Elmer L. Stewart, of DeRidder, for appellant.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for appellee.

DORE, Judge.

This is a suit under the Workmen's Compensation Act, Act No. 20 of 1914, wherein plaintiff alleges that he was totally and permanently disabled as a result of a hernia sustained by him on May 16, 1938, while sawing logs under defendant's contractor, and prays for compensation at the rate of $19.50 per week for a period not exceeding 400 weeks, alleging that his weekly wage at the time of his injury was $30 per week.

The defendant denied that the plaintiff received a hernia while in its employ, and that his weekly wage was in the amount alleged; and sets forth that no demand was made for compensation until June 27, 1938, and admits that it has not paid plaintiff any compensation. After trial of the case, defendant filed a motion requesting the court to appoint additional medical experts to examine the plaintiff, because three physicians had testified that he had a hernia and three physicians had testified that he did not have a hernia or any disabling injury, and that due to such conflict the court was without sufficient medical testimony to reach a proper decision.

The defendant's motion was. opposed by the plaintiff and overruled by the trial judge, who thereupon rendered judgment in favor of plaintiff and against the defendant for weekly compensation at the rate of $9.71 per week for a period not exceeding 400 weeks.

Defendant then filed a motion for a new trial, which was overruled. Both the defendant and the plaintiff have appealed.

On the appeal, there are two questions presented: (1) Did plaintiff suffer a hernia while cutting logs for the defendant on May 16, 1938, disabling him from doing manual work? And (2) if plaintiff was so disabled, what is the amount of compensation to which he is entitled?

We are fully satisfied from the evidence that on May 16, 1938, the plaintiff was in the employ of the defendant, within the meaning of the statute, engaged in cutting logs, and that he did suffer on that date an injury of some kind. It is the defendant's contention, as set forth in its motion before the lower court and repeated in a motion to remand before this court, that the medical evidence is too conflicting to make it possible to arrive. at a just decision, and that the testimony of neutral medical experts with reference to plaintiff's condition should be adduced.

Three physicians testified that plaintiff has a ventral hernia just above the navel; that there is a small slit in the abdominal wall about one-third of an inch in length, through which a small piece of the bowels protrude; that this condition will cause pain on straining and renders plaintiff unable to perform manual labor. Three doctors testified for the defendant that plaintiff has no hernia; that there is only a bruise of the muscles in this area, causing . a "bursa" or small knot, which can be moved around with pressure applied by the fingers. These latter three doctors say that plaintiff is not disabled from performing manual labor.

In the case of Perkins v. Mills Eng. & Construction Co. et al., 179 So. 318, we remanded the case with orders to the trial court to appoint three disinterested doctors to examine plaintiff in order to ascertain if he had a hernia. We were prompted in doing so in that case because we found from the state of the record it was not possible to decide with any degree of certainty whether or not plaintiff had a hernia. In that case. one doctor had testified that plaintiff did have a hernia in his left side, while two other doctors testified that he had no hernia in his left side but did have a weakness in the abdominal walls of that side which caused a potential hernia. See La. App., 178 So. 169. We felt in that case that the evidence on the question was not satisfactory and that it would be possible to reach a better conclusion by having further expert testimony. The same situation prompted the court to remand the case of Lindsey v. Twin City Motor Co., Inc., et al., La.App., 181 So. 598.

It has been the policy, then, of this court to remand cases, not because of conflict or division between experts as in-

dividuals, but because of uncertainty in the evidence as a whole. We do not feel that there is sufficient uncertainty in the case at bar to remand it, for the reason that the evidence justifies the finding that plaintiff has a disabling hernia received in his employment. The plaintiff himself testified that he received the injury when he fell across a log; that he became sick and vomited immediately after the fall, and has had pain in the area of the injury whenever he strained or exerted himself. Two other witnesses corroborated plaintiff's testimony with reference to the injury and the objective symptoms which developed immediately afterwards. The trial judge believed these witnesses, and the fact of a disabling injury, and we cannot say that he erred in so doing.

Tested by the rules laid down by this court in the case of Johnson v. Hillyer, Deutsch, Edwards, Inc., 185 So. 652, we believe the preponderance of the medical evidence is in favor of plaintiff, and when this is strengthened by the testimony of the plaintiff and his lay witnesses as to the nature of the injury and its effect, there is proof of a hernia to a reasonable certainty.

We do not feel that there is sufficient cause to remand the case for additional medical evidence, as urged by the defendant in its motion to remand, and the motion is therefore overruled. We are of the opinion that the record is sufficient to establish plaintiff's disability and defendant's liability therefor as found by the trial court.

With reference to the amount of compensation to which plaintiff is entitled, it appears from the evidence that he was receiving 50¢ per thousand feet for the logs cut, during irregular employment. He contends that his daily rate of pay should be based on the actual amount he would have made on the day he was injured; that he and his partner had already cut over 8,000 feet of logs on that day and had another hour or so to work. We do not feel that the proof is sufficiently certain as to the number of feet in the logs cut to accept this as a basis to fix the daily rate of pay in this case.

We believe that the proper basis to arrive at the daily rate of pay is to take the period of time that he was working under Henry Johnson, defendant's contractor, and cutting in a particular locality and divide the number of days thereof into the amount he received during that period. That seems to have been the basis used under rather similar situations in the cases of Calhoon v. Meridian Lumber Co., 180 La. 343, 156 So. 412, and Sesnan v. Cotton Trade Warehouse, Inc. et al., La.App., 165 So. 23.

Using that basis, we find that plaintiff went to work under Johnson on a certain tract of timber in March, 1938, and that he averaged about four days per week. From February 23, 1938, to May 16, 1938, the date of his injury, plaintiff earned the total sum of $100.55. Some of the payments were made after the latter date, but the logs had been cut before he was hurt and were scaled later. It appears further that during the period from February 23rd to May 16th, plaintiff worked eleven weeks, being idle one week during that period. Using the average of four days per week, it is reasonable to conclude that he worked forty-four days for the total pay of $100.55, or an average daily wage of $2.285. On the basis of a six-day week he was earning $13.71 per week. The weekly compensation to which he is entitled is therefore 65% of $13.71; that is, $8.91.

For the reasons assigned, it is ordered that the judgment be amended by reducing the compensation from the sum of $9.71 per week to the sum of $8.91 per week, and, as thus amended, that the judgment be affirmed.