OGLESBY *v.* DRAKE et al.

It is only in case of a simulated sale, not intended to convey any property, that a creditor can disregard the title of a purchaser, and commence by a seizure. In other cases the sale must be attacked by a direct action.

Though an act of sale *sous seing privé*, which had been rendered in the office of the parish judge, do not show upon its face that it was either acknowledged or proved before its registry, the certificate of the notary that the act was of record in his office, is such *primâ facie* evidence that it was legally inscribed as will relieve the party offering it from the necessity of showing upon what proof it was registered.

APPEAL from the District Court of Bossier, *Olcott,* J. *Vaughn,* for the plaintiff. *Lawson,* for the appellants. The judgment of the court was pronounced by

KING, J. The plaintiff has enjoined in this suit, the execution of a *fieri facias* issued on a judgment obtained by the defendants *Drake & Hardy*, against *Sabert Oglesby, Sr.*, alleging that the sheriff has levied upon a slave, of which he is the owner. The defendants *Drake & Hardy* pleaded the general issue, and further alleged that if there was a sale to the plaintiff of the slave seized, it was made in fraud of their rights. A judgment was rendered in favor of the plaintiff from which the defendants have appealed.

The plaintiff exhibited on the trial, an act of sale to him of the slave in controversy, executed under private signature, and recorded in the parish judge's office, and possession under his title for several years prior to the seizure. The judge did not err in perpetuating the injunction, on these pleadings and the evidence adduced. The defendants could not attack collaterally the plaintiffs' title, commencing with a seizure, unless they considered the transfer a simulation, which is not alleged. See *Heirs of Lindcman* v. *Theobald*, 2 Annual Reports p. 912.

The defendants contend, that the plaintiff has failed to show a title. This objection rests upon the fact that, the act offered does not exhibit, upon its face, that it was either acknowledged by the parties, or that its execution was proved by one of the subscribing witnesses, previous to its registry. As regards the proofs upon which such acts may be admitted to record, it does not become necessary to express an opinion. When a notary certifies an act of this kind to be of record in his office, his certificate offers such *primâ facie* evidence that it was legally inscribed, as to relieve the party offering it from showing upon what previous proofs it was done. *Ells* v. *Sims*, 2 Ann. 254.

The further position assumed by the defendants, that the slave was, at the date of the seizure, subject to their privilege, as attaching creditors, is wholly untenable. Their judgment recognizes no such privilege.

*Judgment affirmed.*