(57 South. 929.)

No. 18,873.

MOSS et al. v. DROST et al.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

1. PLEADING (§ 8*)—FACTS OR CONCLUSIONS—FRAUD.

Where an issue has been presented and settled by a judgment, one seeking to escape the effect of that judgment by alleging that it was obtained by fraud and ill practices must specifically allege the acts that constitute the fraud and ill practices, as there is a presumption in favor of the validity of a judgment; and facts negativing this presumption should be alleged and proved.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8;* Fraud, Cent. Dig. § 37.]

2. BOUNDARIES (§ 27*)—ACTION TO ESTABLISH.

Where a plaintiff complains that the judgment in a former suit, wherein he was a party,

ordered the fixing of a boundary line between tracts that are not adjacent, he cannot seek in another suit to have the correct line established between his land and that of defendant, as, the tracts not being adjacent, there can be no boundary line.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 143; Dec. Dig. § 27.*]

3. JUDGMENT (§ 460*) — SUIT TO VACATE—GROUNDS—PLEADING.

Plaintiff should have pleaded in the former suit to fix the boundary line that the tracts were not adjacent, and, not having alleged in the present suit that it is only since the former judgment that he has discovered that the tracts were not adjacent, this court will not disturb the former judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879–891; Dec. Dig. § 460.*]

4. JUDGMENT (§ 405*)—VACATION—GROUNDS.

It is only when parties have used due diligence in defense of their rights, and by the exercise of such diligence have not been able to correctly ascertain their rights, that this court will revive issues once closed by a judgment; and, if there was any reason why plaintiff was not able to present a complete defense to the former suit, this reason should have been alleged.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 766, 767; Dec. Dig. § 405.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by Mary A. Moss and others against John Drost and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

R. L. Belden, for appellants. Pujo & Moss, for appellees.

BREAUX, C. J. Plaintiffs complain of a boundary line as fixed heretofore in another suit. The differences have arisen owing, they allege, to an erroneous survey made in accordance with an order of the court in proceedings in a suit to which they specially refer in their petition, and in which judgment is assailed. Plaintiffs represent that the judgment, the legality of which they question, was obtained by ill practice and fraud, and that in consequence the boundary line is not correct. They aver that a new survey should be ordered to establish the true boundary.

The defendants were defendants in the former suit in which the judgment in question was rendered.

Defendants take issue with plaintiffs, and urge that plaintiffs have no cause of action, and that, furthermore, all the parties to the judgment plaintiffs seek to have annulled are not parties to this present suit; that the tracts of land, the dividing line of which plaintiff seeks to have changed and re-established, are not adjacent one to the other.

John A. Moss, one of the defendants, filed a plea of vagueness, and further averred that he was without interest in this litigation, and asked that the suit be dismissed as to him.

The court sustained the plea of no cause of action, and dismissed the suit.

Have plaintiffs good ground to have the suit dismissed? The answer is, it is not within the terms of the Code of Practice, art. 607.

[1] As to plaintiffs' allegation that the judgment was obtained by fraud and ill practice, the boundary was settled in a former suit. It cannot be assailed successfully, unless it be alleged in what respect there was fraud and ill practice. The presumption is that the judgment was regularly obtained. To overcome that presumption, the particular acts of fraud and ill practice, should have been alleged.

[2] Another fatal objection is plaintiffs allege that the defendant Drost was not and is not the owner of the adjacent land. If that be true, it would be extremely difficult, if not impossible, to establish boundary lines between two tracts of land, if they are not adjacent. It occurs to us that the defense that they were not adjacent should have been alleged, if it had any merit, it has not in the first suit. But, in any event, whether alleged in the first suit or in this suit, it does not appear that it is possible to fix the boundary line between two bodies of land that are not adjacent to each other.

[3, 4] Another objection which plaintiffs have failed to meet is that they have not alleged that they discovered that the two tracts were not adjacent to each other since the former suit was instituted. Plaintiffs have not been sufficiently diligent to enable them to maintain this action. Want of due diligence is fatal to the right to reopen issues settled by a judgment. This principle was laid down in each of the following decisions: Norris v. Fristoe, Administrator, 3 La. Ann. 646; Lanfear v. Mestier, 18 La. Ann. 497, 89 Am. Dec. 658; Perry v. Rue, 31 La. Ann. 288.

They might have presented all their grounds of defense in the former suit. If there was any cause preventing them from presenting a complete defense in the former suit, it is not here alleged.

The district court correctly maintained the plea of no cause of action.

It is therefore ordered, adjudged, and decreed that the judgment is affirmed.