### GRACE v. EISENHUTH et al.*
### No. 4582.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 3, 1933.

*Rehearing denied December 1, 1933.

J. B. Crow, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellees.

MILLS, Judge.

Plaintiff's petition sets out that on September 16, 1931, while employed by Charles Eisenhuth and while working in the course of that employment, he suffered accidental injuries entitling him to compensation under the Workmen's Compensation Act (No. 20 of 1914, as amended), for a period of 400 weeks, at the rate of $8.58 per week; that on March 11, 1932, he and his said employer filed a joint petition in the Twenty-Sixth judicial district court for the parish of Bossier wherein they erroneously alleged that petitioner was entitled to compensation for a period of 150 weeks, and that thereupon the judge of said

399

court signed a judgment, in accordance with said agreement, approving a lump sum settlement of $1,287, payment of which was accepted by petitioner through error of fact and because, owing to his then mental and physical condition, he did not understand and appreciate what he was doing.

He now asks that this judgment be set aside and annulled for certain specified reasons. To this petition, defendant Eisenhuth and the American Employers' Insurance Company, his insurers, filed exceptions of no cause or right of action. These exceptions were sustained in the lower court, and plaintiff's demands rejected. From this judgment plaintiff has appealed.

The first ground of nullity alleged upon is that the judgment complained of does not reasonably comply with the provisions of the Compensation ·Act. As this states clearly only a conclusion of law, it does not set forth any cause of action.

The second ground is that said judgment and agreement were based upon an error of fact, in that it was believed by petitioner and the attending physician at that time that petitioner's injuries were only temporary and partial, whereas they were total and permanent. This is not an allegation that the actual injuries suffered were not apparent and were not known to all the parties. It therefore is not an allegation of error of fact, but is merely an allegation of an error of judgment as to the effect and duration of said injuries. For errors of judgment, the law furnishes no relief. Citizens' Bank v. James, 26 La. Ann. 264.

The third ground relied upon is that the settlement based upon a lump sum agreement was made at a greater rate of discount than 8 per cent. per annum, in contravention of the provisions of the Workmen's Compensation Act (Act No. 20 of 1914, § 8, subd. 9, as added by Act No. 85 of 1926, and amended by Act No. 242 of 1928). There is no merit in this contention, for the reason that the petition itself shows that the whole amount agreed upon was paid without any discount whatever.

The fourth contention is that, at the time of said agreement and judgment approving same, and the acceptance by the petitioner of its proceeds, he was incapacitated mentally as well as physically from understanding and appreciating either the seriousness of his condition or the amount that he was entitled to receive under the law, and that his incapacities in these respects prevented him from exercising either the intelligence, judgment, or reason of which he had been deprived in part as the result of said accidental injuries. The proceedings leading up to the first judgment, as recited in the petition, sug-

gest no fraud or imposition on the petitioner—to the contrary, it affirmatively appears that petitioner, his attending physician, his employer, and the judge honestly thought that his disability was only temporary or partial.

The above allegations might have some force, if offered in support of a charge of fraud or imposition. They are not of such a character as would justify the nullification of a judgment. They do not constitute an allegation of insanity, as it is only claimed that petitioner was partially deprived of his judgment by the accident, which, according to the petition, occurred almost six months before the lump sum settlement. If considered as an allegation of insanity, no cause to set aside the judgment is shown, as it fails to meet the requirements of article 1788 of the Civil Code, which sets out the rules concerning the capacity of persons of unsound mind to contract. It does not allege that petitioner's condition was known to those who generally saw and conversed with him, nor that his employer was aware of his alleged incapacity. It does not allege that any interdiction had been applied for or obtained before the filing of the present petition, as required in subdivision 4 of said article. Vance v. Ellerbe, 150 La. 388, 90 So. 735.

The fifth ground relied upon is that, since said alleged settlement, it has developed that petitioner's injuries were and are of such a nature and character as to render him totally and permanently incapacitated from doing work of any reasonable kind or character, all of which was not known by petitioner at the time of said alleged settlement. We find in section 8, subd. 9, of the act as amended by Act No. 242 of 1928: "But upon the payment of a lump sum settlement commuted on a term agreed upon by the parties, discounted at not more than 8 per centum per annum and with the approval of the Court, the liability under this Act of the employer making such payment shall be fully satisfied."

This question is fully discussed and decided adversely to plaintiff in the late case of Faircloth v. Stearns-Roger Manufacturing Company (La. App.) 147 So. 368. If the lump sum settlement should be considered as a compromise, plaintiff is precluded from recovering by the decision of the Supreme Court in the case of Young v. Glynn, 171 La. 371, 131 So. 51.

Plaintiff's alternative plea that his case be reopened for the purpose of proving his increase of disability, and the fact that he is entitled to compensation for 400 weeks, instead of 150 weeks, is not good for the same reasons given to the fifth alleged ground of nullity.

For the reasons assigned, we are of the opinion that the exceptions of no cause or right of action were correctly sustained by the lower court, and its judgment is hereby affirmed.