## HORNEY v. SCOTT.
### No. 5275.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

M. C. Redmond, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

HAMITER, Judge.

In his petition plaintiff alleges, in substance, that on September 12, 1934, while acting in the scope of his employment as a laborer for the defendant, he received a rupture or hernia when raising a large bridge timber; that by reason of such injury he was rendered totally incapacitated to do work of any kind; that he was entitled, under the workmen's compensation laws of Louisiana, to 65 per cent. of his wages during disability not to exceed 400 weeks; and that on or about January 8, 1935, a compromise lump-sum settlement with defendant was entered into wherein he was paid $200 as full settlement for his claim arising under the accident.

There is attached to the petition a certified copy of the court proceedings, which authorized and approved the purported lump-sum settlement, and to which we shall hereafter refer.

Plaintiff further alleges that the lump-sum settlement was contrary to law, in that the amount due him was discounted at a rate greater than 8 per cent. per annum.

The prayer of the petition is for judgment setting aside the settlement agreement, and for compensation for 400 weeks at one and one-half times 65 per cent. of his wages, plus medical expenses in the amount of $250, less the sum of $200 previously paid.

After the district judge overruled an exception of no cause or right of action tendered by defendant, an answer was filed. On the day of the trial of the merits, such exception was again urged. This resulted in the previous ruling being recalled and the exception of no cause of action being sustained and plaintiff's suit dismissed. Plaintiff then asked for and was granted an order of devolutive appeal returnable to this court.

The joint petition in the alleged settlement proceeding, which was signed by plaintiff, by his then attorney and by the attorneys for defendant, reads in part as follows:

"2. That on September 12th, 1934, and for some time prior thereto, William S. Horney, was employed by your second named petitioner in the capacity of a laborer at an average weekly wage of Ten and no/100 ($10.00) Dollars.

"3. William S. Horney contends that on September 12th, 1934, while he was performing his usual duties he severely strained himself resulting in a rupture on both the left and right abdominal walls and that he suffered other injuries to his abdomen. Your second named petitioner denies that William S. Horney received any accident while in its employ, contending that in the event the said Horney has a hernia or rupture that same was not due to any accident. Your second named petitioner denies that the said Horney has a hernia or rupture, however, in order to compromise this claim, your second named petitioner has offered the said Horney Two Hundred and no/100 ($200.00) dollars in cash, which amount the said Horney has agreed to accept, but before same can be accepted and completed it will be necessary that this Honorable Court approve same by rendering judgment permitting this settlement.

"4. That the said William S. Horney has been examined by physicians of his choice and his true condition ascertained, and he has had all of his rights under the compensation laws explained to him by an attorney of his choice and he makes this settlement voluntarily, believing same to be to his advantage."

Under its exception of no cause of action, defendant urges in this court the following:

"1. The joint petition was a compromise settlement in conformity with section 17 of the Act and is not a settlement of an undisputed claim at a discount of 8% per annum as provided by Section 8, subsection 9 of the act.

"2. That the petition contains no allegations of fact that constitute fraud or duress which would permit a judgment being rendered annulling the compromise joint petition.

"3. That the petition does not allege that plaintiff paid or made a tender to defendant of the $200.00 admittedly paid as a compromise settlement."

Section 8, subsec. 9, of Act No. 20 of 1914, as amended (Gen.St. § 4398), this being the Workmen's Compensation Act of Louisiana, provides:

"The amounts payable as compensation may be commuted to a lump sum settlement by agreement of the parties after having been approved by the court as reasonably complying with the provisions of this act;

provided, that in making such lump sum settlement, the payments due the employee or his dependents, under this act, shall not be discounted at a rate greater than eight per centum per annum; if such lump sum settlement be made without the approval of the court, or at a discount greater than eight per centum per annum, even if approved by the court, the employer shall be liable for compensation at one and one-half times the rate fixed in this act, and the employee or his dependents shall, at all times within two years after date of the payment of the lump settlement and notwithstanding any other provisions of this act, be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate one and one-half times the compensation which would have been due under this act, but for such lump sum settlement. But upon the payment of a lump sum settlement commuted on a term agreed upon by the parties, discounted at not more than eight per centum per annum and with the approval of the court, the liability under this act of the employer making such payment shall be fully satisfied; provided, that for injuries scheduled in paragraphs 1–d and 2 of this section, no shorter term than therein set forth have been agreed upon. (Acts 1914, No. 20, § 8; 1916, No. 243, § 1; 1918, No. 38, § 1; 1920, No. 247, § 1; 1922, No. 43, § 1; 1924, No. 216, § 1; 1926, No. 85, § 1; 1928, No. 242, § 1.)"

Section 17 of that act, as amended (Gen. St. § 4407), reads:

"The interested parties shall have the right to settle all matters of compensation between themselves. But all agreements of settlement shall be reduced to writing and shall be substantially in accord with the various provisions of this act, and shall be approved by the court. The agreement between employer and employee or his dependent, shall be presented to the court upon joint petition of employer and employee or his dependent, which petition must be verified by both parties. The settlement so approved shall be immediately entered as the judgment of the court, and such judgment shall have the same force and effect and may be satisfied as other judgments of the same court. (Acts 1914, No. 20, § 17; 1918, No. 38, § 1.)"

A lump-sum settlement of compensation payments is authorized under section 8, subsec. 9, of the act, where the settlement is commuted on a term agreed upon by the employer and claimant, and where there is no room for dispute as to the applicability of the Compensation Act, the extent of the injury, and employee's average weekly wage at the time; provided that the payments due are not discounted at a rate greater than 8 per cent. per annum, that the settlement has the approval of a competent court, as reasonably complying with the provisions of the act, and that, for the injuries scheduled in subsections 1 (d) and 2 of such section, no shorter term than therein set forth shall be agreed on.

If, however, there are grounds for dispute, as, for example, with reference to the extent of the injury, or to claimant's right to the benefits afforded by the Compensation Act, and the parties interested are aware of the facts surrounding the accident and possess information regarding the injury sufficient for reasonably determining the probable effects and duration of the attending disability, such parties may compromise or settle the claim under the authority of and on complying with the provisions of said section 17. The agreement of settlement or compromise shall be reduced to writing and shall be substantially in accord with the various provisions of the Compensation Act, and shall be approved by the court.

In the absence of fraud, ill practice, or misrepresentation, settlements properly made under and pursuant to the provisions of the above-quoted sections are forever valid and binding on the parties.

Plaintiff, in the case of Musick v. Central Carbon Co., 166 La. 355, 117 So. 277, 280, sought to set aside a previously made and judicially approved settlement of an alleged compensation claim growing out of the death of her husband. The joint petition of the widow and employer, under which the settlement was made, recited that decedent was burned on December 28, 1923, while discharging the duties of his employment; that he contracted pneumonia on or about February 1, 1924, and died four days later as a result of the pneumonia contracted; and that the employer denied liability for the death of the deceased, for the reason that the injuries received by him while in defendant's employment were not the cause of the death. The Supreme Court held the settlement of the claim to be authorized under the provisions of section 17 of the Compensation Act, because a dispute and doubt existed as to whether the death of decedent was caused by the injury. In sustaining an

exception of no cause of action, the court commented on the two above-quoted sections as follows:

"Section 17 of the Act of 1918, quoted above, unquestionably authorizes the parties at interest to effect an amicable settlement of the claim for compensation, with the approval of the court, provided the settlement be in substantial accordance with the Employers' Liability Act. On the other hand, paragraph, or subsection 8, of section 1 of the Act of 1922, quoted above, which was in force when the settlement was made, prohibited a lump sum settlement at a greater discount than 8 per cent. per annum, and the settlement made partakes both of the nature of a lump sum settlement and of a compromise. This subsection, to a certain extent, operated as a limitation on the right to effect amicable settlements, for it, in effect, prohibited an amicable settlement in a lump sum at a greater rate of discount than 8 per cent. per annum where there was no room for dispute as to the extent of the injury, or that the injury was caused in the discharge of the employment, or as to the average weekly wage which the employee was earning at the time. But the subsection did not so operate as to prevent the parties at interest from effecting, with the approval of the court, under section 17 of the Act of 1918, an amicable and binding settlement of the claim for compensation, of the nature of a lump sum settlement, by way of compromise, under section 17 of the Act of 1918, where there existed ground for dispute, such, for instance, as where the employee was injured and later died, and the circumstances appeared such as to leave some doubt as to whether his death was a result of the injury, and the employer was asserting that it was not, although the amount of the settlement, had the employee's dependents brought suit and established that the injury was the cause of the death, would, when considered from the viewpoint of discount, have been at a greater rate than 8 per cent. per annum."

Another settlement or compromise agreement was attacked in the case of Guillot v. Louisville R. & N. Co., 166 La. 467, 117 So. 558. Prior to his death, plaintiff's husband was in the employ of a common carrier railroad engaged in both interstate and intrastate commerce. It appears that the compromise settlement, which was not approved by a competent court, was entered into because of the doubt that existed as to defendant's liability under the Louisiana Compensation Act. The Supreme Court, in its opinion, stated:

"In Musick v. Central Carbon Co. (our No. 29176) [166 La. 355] 117 So. 277, decided this day, we held that there was nothing in the workmen's compensation statute which prevented the parties from compromising a claim for compensation when there was serious and substantial ground for doubting whether the employer was liable at all under the statute or liable to the extent claimed, if said compromise be made with the approval of the competent court (see section 17 of Act No. 38 of 1918). * * *

"Hence, whenever a common carrier railroad engaged in interstate and intrastate commerce sets up as a defense to an action for compensation under a state workmen's compensation statute that the accident occurred whilst the employee was performing service appertaining to interstate commerce, there is always a serious and fundamental ground for doubting whether said employer be liable under the state statute or only under the Federal Employers' Liability Act, and therefore whether said employer be liable at all under the state law.

"We would therefore have no difficulty whatever in reaching the conclusion that the compromise herein entered into was binding, had said compromise been entered into with the approval of a competent court."

A trial on the merits was had in the case of Young v. Glynn, 171 La. 371, 131 So. 51. The evidence showed that plaintiff received a broken leg while in the employ of defendant. On May 1, 1928, his leg having apparently healed and he was convalescing, and his compensation to that date having been paid, plaintiff entered into a judicially approved agreement of compromise under which he was paid additional compensation for 20 weeks, the supposed time of his convalescence, in full settlement of his claim against defendant. Plaintiff failed thereafter to exercise his leg as he was instructed to do. This resulted in the muscles becoming atrophied and the leg being amputated. Under allegations that the settlement was obtained through fraud and misrepresentation, plaintiff sought to have it set aside. The evidence showed that the proposed compromise was fully understood by plaintiff, that he signed it voluntarily, and that neither fraud nor misrepresentation was practiced on him. The Supreme Court sustained the settlement and held that it was authorized under the provisions of section 17 of the act

because of the existence of a dispute between the employee and employer as to the time required for convalescing. A pertinent paragraph of the opinion is:

"In Musick v. Central Carbon Co., 166 La. 355, 117 So. 277, this court held that the prohibition of subsection 8 of section 1 of Act No. 43 of 1922, against lump sum settlements at a greater rate of discount than 8 per cent. did not apply where there existed grounds for difference as to what might be due. And in this case there certainly existed grounds for difference of opinion as to how much longer plaintiff would require for convalescence."

The lump-sum settlement involved in the case of Faircloth v. Stearns-Roger Mfg. Co., 147 So. 368, decided by this court, had been entered into by all parties in good faith and approved by the court. No differences or disputes existed between the employer and employee at the time of such settlement. Plaintiff, in his petition to reopen the case and for the allowance of additional compensation, did not allege any facts disclosing fraud in the making of the settlement. In sustaining the plea of res judicata and exception of no cause of action filed by defendant, we held that the settlement was not one of compromise under section 17, but was governed by section 8, subsec. 9, for there were no differences shown in the joint petition for the approval of the lump sum settlement.

This court, in the case of Grace v. Eisenhuth, 150 So. 398, upheld the lump-sum settlement therein attacked. The case was presented on an exception of no cause of action. The whole amount agreed upon by the parties for the lump-sum settlement, under the authority of section 8, subsec. 9, of the act, was paid without any discount whatever, and the allegations of fact of the petition revealed no fraud.

Plaintiff in the case of McHenry v. Wall, 157 So. 632, decided by this court, in seeking to set aside a judgment approving a compromise settlement previously made by her, alleged in her petition certain and sufficient facts which indicated gross fraud and ill-practice on the part of defendant in effecting the settlement and procuring her act of release. Because of these factual allegations of fraud, we annulled the judgment of the trial court sustaining an exception of no cause of action and remanded the case for a trial on its merits.

In the recent case of Miller v. United States Fidelity & Guaranty Co. et al., 169 So. 259, 264, we reversed the judgment of the trial court which sustained an exception of no cause of action and a plea of res judicata and ordered the case tried on the merits. The petition in that case recited facts which, if true, revealed that much fraud had been practiced on plaintiff by defendants in obtaining the compromise settlement therein sought to be set aside. In the opinion written by Judge Drew, we said:

"Plaintiff alleged in his petition that at the time the lump sum settlement was made, defendants had full knowledge, acquired from their own doctors, that he was totally and permanently disabled and that he did not have such knowledge. When we take this allegation as true, we find the lump sum settlement was not only discounted at more than 8 per centum, but that plaintiff was paid much less than 8 per centum of what was due him, to the knowledge of defendants, for the reason that if his allegation is true, he was entitled to 65 per cent. of his weekly wage for a period of 400 weeks. If the above allegation is true, the charge of fraud practiced by defendant in securing the settlement is established."

In giving consideration to the settlement agreement, which plaintiff in this case seeks to annul, in the light of the aforediscussed authorities, we notice in the joint petition that there was a distinct disagreement or dispute between the parties, both as to whether any hernia or rupture was actually sustained by plaintiff, and, if he had such an injury, as to whether it occurred by reason of an accident while he was in defendant's employ. The defendant herein, through the joint petition for settlement, averred:

"Your second named petitioner denies that William S. Horney received any accident while in its employ, contending that in the event the said Horney has a hernia or rupture that same was not due to any accident. Your second named petitioner denies that the said Horney has a hernia or rupture * * *."

Accordingly, and because of the existence of this dispute relating to the cause and extent of the alleged injury, both being material elements of plaintiff's asserted claim, the settlement could not have been made under the provisions of section 8, subsec. 9, of the act. Musick v. Central Carbon Co., supra. However, as a disagreement did exist and the agreement of settlement was reduced to writing, was substantially in accord with the various provisions of the act,

and was approved by the court, the judgment and settlement were valid and binding on the parties, under section 17, unless it appears that fraud existed in the procurement of the settlement.

We think that the petition herein does not allege facts which reveal that defendant practiced or perpetrated fraud on plaintiff in effecting the settlement. It is elementary that in giving consideration to a case when presented on an exception of no cause of action, and this one is so presented, the well-pleaded allegations of fact are to be taken as true, while conclusions of the pleader are to be disregarded. With reference to his entering into the settlement agreement, plaintiff alleges:

"Your petitioner shows that he was ignorant of the law; that he was fully aware of his accident and his disability and he alleges that the defendant company, Slagle-Johnson Lumber Company, Inc., was also fully aware of this accident and they knew it happened under the circumstances set out in paragraph above; that this measly sum of Two Hundred and no/100 ($200.00) Dollars was paid to him under the circumstances and urged upon him by his attorney and by the defendant's attorney and because your respondent did not know the law and the law was not explained to him and his rights, it constituted fraud and misrepresentation and caused your petitioner to settle or compromise in a lump sum for a considerable less amount than he was entitled to under the law or even permitted under the Workmen's Compensation Law.

"9. Your petitioner shows that he was unduly influenced to sign this compromise settlement and accept this paltry sum of Two Hundred Dollars, ignorant both of the law and his rights in the matter; that had he known what his rights were he would not have made this settlement."

We presume that plaintiff has reference to article 2 of his petition in alluding to "paragraph above." The allegations of this article are:

"2. Your petitioner shows that on the 12th day of September, 1934, while working for Slagle-Johnson Lumber Company, Inc., defendant herein, and about 9:30 o'clock in the morning, while in the scope of his employment and acting under one having authority in the work of this defendant company, he raised a large bridge timber 3½″x12″x14′ to place it on a roller; it was necessary that it be raised at one end to a height of about up to his shoulders. It

was his duty to raise this board or these boards that high and put it on a roller about midway the length of the board; this in order to move the board from one place to another; that at this particular time he was raising one of these boards and it was green and heavy and while in the act of raising this board the strain caused the abdominal walls or some part of his abdomen to give away and he fell to his knees and it was necessary for some one to help him up; that this happened in the presence of a number of the employees and was generally known soon thereafter."

It is to be noticed from the foregoing allegations that plaintiff was aware of his accident and his disability, and that defendant had knowledge of the accident and the circumstances surrounding it. But such allegations do not clearly show that defendant knew of plaintiff's disability. At least it may be said that defendant is not charged with having had knowledge of a disability of the extent and duration claimed by plaintiff. This is particularly significant in view of defendant's denial in the joint petition for settlement that plaintiff received a hernia, and of the following allegation of such petition which was subscribed to by plaintiff and his attorney:

"That the said William S. Horney has been examined by physicians of his choice and his true condition ascertained, and he has had all of his rights under the compensation laws explained to him by an attorney of his choice and he makes this settlement voluntarily, believing same to be to his advantage."

The allegation that the "$200.00 was paid to him under the circumstances and urged upon him by his attorneys and by the defendant's attorney and because your respondent did not know the law and the law was not explained to him," when considered in connection with the fact that plaintiff was represented throughout the settlement proceeding by counsel of his choice, duly licensed to practice in Louisiana, was not sufficient to justify a conclusion that fraud was committed by defendant. The other allegations, above quoted, which purport to show fraudulent practices by defendant, are mere conclusions of the pleader and cannot be considered.

It is to be remembered that plaintiff in this cause is attempting to have annulled and set aside a judgment of a competent court of this state, and one which was obtained in a proper proceeding and pur-

suant to the laws of Louisiana. There is a presumption in favor of the validity of the judgment. Moss v. Drost, 130 La. 285, 286, 57 So. 929. A petition which seeks to annul such a judgment on the ground of fraud, misrepresentation, and ill practice, in order to state a cause of action, must clearly and definitely allege facts from which such elements may be unmistakably concluded. The allegations of the petition in this cause, as we view them, are not in accord with these requirements.

In view of our holding herein, it is unnecessary for us to consider the third objection urged by defendant.

Accordingly, the judgment sustaining the exception of no cause of action is affirmed.

DREW, J., concurs.