HALL, Judge.
Floyd William Willoz (“Willoz”) filed this suit against Veterans Acceptance and Thrift, Inc. (“Veterans”) seeking to annul a monetary judgment obtained against him by Veterans and to vacate and annul a writ of garnishment predicated thereon.
The judgment sought to be annulled was rendered in the proceedings entitled “Veterans Acceptance and Thrift, Inc. vs. Floyd W. Willoz, being No. 74 — 038 of the docket of the First City Court of New Orleans. That suit, filed on September 10, 1963, was for the balance due on a promissory note signed by Willoz, and resulted in a judgment by default rendered against Willoz in favor of Veterans in the sum of $770.22 plus interest and costs. The judgment was rendered on December 17, 1963 and signed on December 23, 1963. On March 24, 1964, Veterans obtained a writ of garnishment predicated thereon directed to the Orleans Parish School Board, Wil-loz’ employer.
This suit to annul the judgment obtained against him was filed by Willoz on July 31, 1964, apparently as a result of the garnishment proceedings.
In his petition to annul, Willoz makes the following allegations:
1. That on September 18, 1961 he was adjudicated a bankrupt by the United States District Court for the Eastern District of Louisiana.
2. That Veterans Acceptance and Thrift, Inc. was notified of the bankruptcy proceeding and listed as a creditor therein.
3. That the judgment rendered in favor of Veterans Acceptance and Thrift, Inc. “ * * * is a nullity because the testimony on which the judgment is based was fraudulent and incorrect. At the time said judgment was rendered, defendant had been *188 adjudicated a bankrupt and Veterans Acceptance and Thrift, Inc. had notice of this fact.”
Veterans’ exception of no cause nor right of action which was maintained by the Trial Court is based on two grounds, viz:
a) That the grounds for annulling a judgment set forth in LSA-C.C.P. 2002 are exclusive, and that the allegations of the petition do not state a cause of action on any of the grounds enumerated in that Article, nor does the petition state a cause of action under LSA-C.C.P. 2004.
b) That a plea of bankruptcy is an affirmative defense and must be pleaded in limine (see LSA-C.C.P. Art. 1005).
 It is well settled that the grounds for nullity enumerated in LSA-C.C.P. Art. 2002 are exclusive. See Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521; Gumina v. Dupas, La.App., 178 So.2d 291, and it is obvious that plaintiff’s petition sets forth none of those grounds.
LSA-C.C.P. Art. 2004 reads as follows :
“A final judgment obtained by fraud or ill practices may be annulled.
“An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
The only mention in the petition of “fraud or ill practices” is plaintiff’s charge that the “testimony on which the judgment is based was fraudulent and incorrect.” This allegation is a mere conclusion of the pleader, and is insufficient to state a cause of action.
“ * * * A petition which seeks to annul * * * a judgment on the ground of fraud, misrepresentation, and ill practice, in order to state a cause of action, must clearly and definitely allege facts from which such elements must be unmistakably concluded. * * * ” Horney v. Scott, La.App., 171 So. 172; See also Moss v. Drost, 130 La. 285, 57 So. 929; Latham v. Latham, 216 La. 791, 44 So.2d 870.
Plaintiff contends in his brief that when Veterans filed the suit against him they “had knowledge that plaintiff had filed bankruptcy and that their claim had been discharged” (emphasis supplied) and therefore nothing was due and owing by Willoz to Veterans at the time the judgment was rendered. Consequently, plaintiff argues, the testimony upon which the judgment was based must have been “fraudulent and incorrect.”
Plaintiff’s argument is based on a misconception of the effect of a discharge in bankruptcy.
“A discharge in bankruptcy is neither a payment nor an extinguishment of a debt, nor does it free the bankrupt from all traces of the debt as though it had never been incurred. It is merely a bar to the enforcement of a discharged debt by legal proceedings. It is a complete and valid defense to the enforcement of the debt as a personal obligation, provided it is properly pleaded, but it neither destroys the debt nor supplants the moral obligation to pay. A debt remains in existence after discharge in bankruptcy * * *” 9 Am.Jur.2d § 750, p. 560. See also Gumina v. Dupas, La.App., 178 So.2d 291.
“A discharge in bankruptcy must be pleaded in order to be effective in a court other than the court of bankruptcy. The defense of discharge in bankruptcy is waived by failure to assert it by a proper pleading, unless the plaintiff’s pleading itself discloses a discharge in bankruptcy of the obligation asserted as a cause of action. If a judgment is obtained by default on a discharged debt, execution on the judgment may be levied on property acquired by the bankrupt after the grant of the discharge.” 9 Am. Jur.2d § 810, p. 607.
*189 We note that plaintiff’s petition alleges merely that he had been adjudicated a bankrupt at the time the judgment was rendered against him. It does not allege that he had been discharged, and the record does not show when he was discharged, if he ever was. All that the record shows is that plaintiff was adjudicated a bankrupt on September 18, 1961, and that Veterans’ suit against him was filed on September 10, 1963. But certainly a mere adjudication in bankruptcy can have no greater effect than a discharge, and testimony that the amount sued for was due and owing was neither fraudulent nor incorrect.
We are of the opinion that plaintiffs petition does not set forth a cause of action to annul the judgment either under LSA-C.C.P. Art. 2002 or under LSA-C.C.P. Art. 2004. Neither does it set forth a cause of action to vacate the writ of garnishment.
The judgment sought to be annulled was not appealed from and is final. Veterans takes the position that a discharge in bankruptcy is an affirmative defense which must be pleaded in the answer, citing LSA-C.C.P. Art. 1005, and since Willoz filed no answer to Veterans’ suit against him, the discharge cannot be pleaded against enforcement of the judgment. Wil-loz, on the other hand, citing Louisiana Machinery Company, Inc. vs. Passman, 158 So.2d 419, takes the position that an adjudication in bankruptcy need not be pleaded in limine and that he may plead his discharge whenever the judgment is sought to be personally enforced against him. Therefore Willoz contends that he is entitled to have the School Board garnishment vacated and annulled.
As we have seen, Willoz first argued that since he had been discharged in bankruptcy any testimony that the debt was due and owing was fraudulent and incorrect. He now takes the inconsistent position that he had only been adjudicated a bankrupt when Veterans filed its suit, and that he can plead his discharge whenever the judgment is sought to be enforced against him. We do not find it necessary to go into this matter.
The petition before us in the nullity action does not show that Willoz has actually pleaded a discharge in bankruptcy against the enforcement of the judgment rendered against him. Moreover, the petition does not show that Willoz ever received a discharge in bankruptcy. It therefore does not show any cause to vacate or annul the writ of garnishment.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by appellant.
Affirmed,