HALL, Judge.
Three separate appeals, all arising out of the same alleged work-related accident, have been consolidated for consideration and disposition. Because of the complicated series of procedural actions taken since this case first began, the more important actions are outlined in the following chronological listing:
March 6, 1981 Appellant, Harvey Lowe, Jr., was allegedly injured in a work-related accident. Lowe was employed at this time by Joe Ollie Rivers, Jr., who was in the business of cutting and hauling pulpwood.
January 25, 1982 Lowe sued Joe Ollie Rivers, Jr. and an unknown worker’s compensation insurer.
March 22, 1982 Lowe amended his original petition in an attempt to add Union Wood Company as a defendant. In response, Union Wood Company filed an exception of prescription.
October 15, 1982 Lowe amended his petition a second time in an attempt to add International Paper Company and Georgia Casualty as defendants. In response, International Paper filed an exception of prescription.
December 20, 1982 The trial court signed a judgment which sustained Union Wood’s exception of prescription. Union Wood was dismissed from the case, and no appeal was taken by Lowe.
March 28, 1983 Union Wood filed an exception of res judicata in response to the amended petition of October 15. . This exception was later upheld, and Union Wood was dismissed from the suit a second time.
*841 August 81, 1983 Lowe filed a pleading entitled “Petition to Annul Judgment and for Damage”. This petition named Union Wood Company, Max Gilmore, and Edna Gilmore as defendants, but failed to state or pray for damages. The petition sought to annul the judgment of December 20,1982 which had dismissed Union Wood.
January 16, 1984 This court upheld the trial court’s sustaining of an exception of res judicata filed by Union Wood Company in response to the amended petition of October 15, 1982. Lowe v. Rivers, 445 So.2d 105 (La.App.2d Cir. 1984).
March 26, 1984 This court affirmed the trial court’s sustaining of an exception of prescription filed by International Paper in response to the amended petition of October 15,1982. Lowe v. Rivers, 448 So.2d 848 (La.App.2d Cir. 1984).
May 23, 1984 The trial court signed a judgment sustaining exceptions of no cause of action filed by Union Wood Company and by Max and Edna Gilmore. These exceptions had been filed in response to the August 31, 1983 petition to annul the December 20, 1982 judgment. Lowe was given 15 days from May 21, 1984 in which to amend his pleadings to state a cause of action against Max and Edna Gilmore. This judgment was appealed and is presently before the court as # 16,771-CA.
June 1, 1984 Lowe filed a pleading entitled “Amended Petition Before Answer Served”. In this petition, Lowe asserted that he was supplementing and amending his petition to annul a judgment filed on August 31, 1983. However, in this pleading, Lowe stated that he wished to amend the title to read “Petition for Damages In Breach of Contract”. This petition, apparently filed in response to the judgment of May 23, 1984, attempts to set forth a cause of action against Max and Edna Gilmore, but also names Joe Rivers, Georgia Casualty, and Union Wood as defendants.
July 16, 1984 Judgment was rendered sustaining exceptions of no cause of action which Joe Rivers and Georgia Casualty filed in response to Lowe’s amended petition of June 1, 1984. An exception of improper cumulation filed by Max and Edna Gilmore was also sustained. Lowe was given 15 days in which to file a separate action against Max and Edna Gilmore or suffer dismissal of his amended petition of June 1, 1984. Lowe did not file a separate action within the time period allotted. Two judgments were drawn up and signed based on the action taken by the court on July 16. A judgment signed on July 19, 1984 sustained the exception filed by Georgia Casualty. Another judgment signed on July 20, 1984 sustained the exception filed by Georgia Casualty and the exceptions filed by Rivers and the Gilmores. Lowe has appealed from each judgment. The appeal from the July 19 judgment is # 16,855-CA; the appeal from the July 20 judgment is # 16,898-CA.
In accordance with the reasons stated below, we partially dismiss the appeal in # 16,898 and otherwise affirm the judgments sustaining the exceptions presented in all three consolidated appeals.

# 16,771-CA, Appeal from the Judgment of May 23, 1984

As stated previously, Lowe appealed the trial court’s sustaining of an exception of no cause of action filed by Union Wood. The exception was filed in response to Lowe’s pleading seeking to annul the judgment which dismissed Union Wood on an exception of prescription, and from which Lowe never appealed.
In Lowe’s petition to annul, the basis of the request for annulment is that “Max Gilmore did not tell the truth regarding his relationship to the defendant, Joe Ollie Rivers, Jr., and as a result, fraud was used in obtaining the judgment on the peremptory exception of prescription as to the defend *842 ant, Union Wood Company, Inc.”. Lowe’s petition also makes certain factual assertions, apparently to support his claim of fraud. Lowe asserts that Union Wood executed a promissory note in favor of Farmerville Bank which was to be paid from Joe Rivers wages, that Union Wood renewed two terms loans, that Farmerville Bank made an installment loan to Joe Ollie Rivers, Jr. and Edna Gilmore in her capacity as secretary-treasurer of Union Wood, and that Union Wood controlled all wages paid to Joe Ollie Rivers, Jr. on the day Lowe was injured.
A judgment may be annulled for fraud or ill practice. LSA-C.C.P. Art. 2004. Two points of law germane to the issue of annulment of a judgment on the basis of fraud are outlined in the cases of Horney v. Scott, 171 So. 172 (La.App.2d Cir.1936) and Cryer v. Cryer, 70 So.2d 752 (La.App.lst Cir.1954). In the case of Horney v. Scott, supra, this court stated:
“A petition which seeks to annul ... a judgment on the ground of fraud, misrepresentation, and ill-practice, in order to state a cause of action, must clearly and definitely allege facts from which such elements may be unmistakably concluded.”
Absent such clearly alleged facts, an allegation of fraud is merely a conclusion of the pleader, and is insufficient to state a cause of action. Willoz v. Veterans Acceptance and Thrift, Inc., 188 So.2d 186 (La.App. 4th Cir.1966). In Cryer, supra, the First Circuit stated:
“[W]here a judgment is sought to be annulled upon the basis that the evidence upon which it was secured was perjured, and this testimony was produced by the party in whose favor the judgment was rendered, there has to be some allegation that the one seeking the annulment did not know at the time the evidence was taken that the testimony was false, or else that if he knew it was false, he did not have the means at that time or the opportunity of contradicting this evidence.”
See also LeBlanc v. LeBlanc, 162 So.2d 838 (La.App. 1st Cir., 1964).
Lowe’s petition for annulment neither clearly alleges facts showing fraud, nor alleges that Lowe did not know at the time of Max Gilmore’s testimony that the testimony was false, or that despite knowing the testimony was false, Lowe did not have the means of contradicting this testimony.
One might assume that Lowe is attempting to claim a principal/independent contractor relationship between Union Wood and Rivers, as opposed to a vendee/vendor relationship, such that filing suit against Rivers would interrupt prescription against Union Wood. See Welch v. Crown Zellenbach, 359 So.2d 154 (La.1978); Lowe v. Rivers, 448 So.2d 848 (La.App.2d Cir.1984). However, Lowe’s petition is far from clear in this regard. Furthermore, the petition does not state specifically what facts Gilmore “did not tell the truth” about concerning the relationship between Union Wood and Rivers. Overall, the petition simply does not clearly allege facts, which if accepted as true, would unmistakably indicate fraud. The petition does not state that Gilmore testified to facts contrary to those stated in Lowe’s petition. Development of facts relied on by plaintiff concerning the relationship between Rivers and Union Wood was a problem which should have been resolved through discovery, cross-examination of Gilmore, or presentation of other evidence to show the nature of that relationship at the trial of the exception of prescription. One cannot bring an action to annul a judgment to remedy opportunities not seized previously, any more than one can substitute an action to annul a judgment for an appeal not taken. The trial court did not err in sustaining the exception of no cause of action or in dismissing Union Wood from the lawsuit on that basis.
Union Wood has requested damages for frivolous appeal in this case. While this court may award damages for frivolous appeal under LSA-C.C.P. Art. 2164, since appeals are favored, damages for *843 frivolous appeal are not granted unless clearly warranted; such damages are only awarded when it is obvious that the appeal was taken solely for the purpose of delay, or when it is obvious that counsel for appellant does not seriously believe in the position advocated. Young v. Schwegmann Giant Supermarkets, Inc., 430 So.2d 251 (La.App. 4th Cir.1983). In the present case, it is not obvious that appellant’s attorney does not seriously believe in his legal position, and damages for frivolous appeal are thus denied.

# 16,855-CA and #16,898-CA, Appeals from the Judgments of July 19 and 20, 1984

Lowe also appealed from the judgments signed on July 19 and 20, 1984 which sustained exceptions of no cause of action filed by Rivers and Georgia Casualty in response to Lowe’s amended petition of June 1, 1984. The judgments also sustained the exception of improper cumulation filed by Max and Edna Gilmore, and gave Lowe 15 days in which to file a separate action against Max and Edna Gilmore or suffer dismissal of the suit as to them.
We note initially that Lowe did not avail himself of the opportunity of filing a separate suit against the Gilmores, and that due to Lowe’s inaction, Max and Edna Gilmore were dismissed from the lawsuit by judgment rendered on September 6, 1984. Lowe did not appeal this latter judgment. Furthermore, the judgment giving Lowe 15 days in which to file a separate action against the Gilmores did not determine the merits, but only took action on a preliminary matter, and thus was interlocutory. LSA-C.C.P. Art. 1841. No appeal lies from an interlocutory judgment unless the judgment may cause irreparable injury. LSA-C.C.P. Art. 2083. There is no showing that giving Lowe 15 days in which to act might have in any way caused him irreparable injury, and there is no contention on appeal to that effect. Thus, the portion of the July 20 judgment sustaining the exception of improper cumulation of actions filed by Max and Edna Gilmore, being an interlocutory judgment from which no appeal lies, need not be further considered by this court.
In Lowe’s amended petition, he asserts that Rivers and Union Wood had worker’s compensation insurance through Georgia Casualty, but breached their contract with Georgia Casualty by not notifying the insurer of Lowe’s injury. Plaintiff prayed for recovery of substantial damages against all defendants. Certainly these assertions do not state a cause of action against Georgia Casualty, for no allegations of any wrongdoing on the part of Georgia Casualty in this regard are made. The only other possible cause of action against Georgia Casualty asserted by Lowe’s amended petition would be Lowe’s assertion that the defendants in this case violated the provisions of LSA-R.S. 51:1401 et seq prohibiting unfair or deceptive trade practices in the conduct of any trade or commerce. A reading of these statutes clearly indicates that they have no application whatsoever to the facts alleged in Lowe’s petition, or to this case in general, since those statutes are directed at unfair trade practices and consumer protection while this case is essentially an action for worker’s compensation benefits. Thus, the trial court’s sustaining of the exception of no cause of action, and the resultant dismissal of Georgia Casualty as a party to this law suit, was proper.
The final question presented is whether Lowe’s amended petition states a cause of action against Joe Rivers. If it be accepted as true that Rivers did not notify Georgia Casualty of plaintiff’s injury, we can perceive of no cause of action for damages separate or in addition to plaintiff’s action for worker’s compensation benefits created by that circumstance in favor of plaintiff against Rivers. Rivers has never sought recovery for worker’s compensation benefits against Georgia Casualty as the worker’s compensation insurer of either Rivers or Union Wood, nor is it alleged that Georgia Casualty has ever denied coverage. Clearly the petition states no cause of action under LSA-R.S. 51:1401 et seq.
*844 We note that the original suit filed against Rivers in 1982 was for worker’s compensation benefits, and that because of the many actions taken since that time attempting to add other parties and assert other causes of action, the merits of Lowe’s worker’s compensation claim against Rivers have never been decided. By the same token, in now affirming the trial court’s sustaining of the exception of no cause of action filed by Rivers in response to Lowe’s amended petition, this court makes no determination of the merits of a worker’s compensation claim based on Lowe’s original petition, but simply determines that Lowe’s amended petition states no cause of action under LSA-R.S. 51:1401 et seq or otherwise. Thus, all actions taken by the trial court with regard to the amended petition of June 1, 1984 are found proper and are affirmed.
In appeal No. 16,771, the judgment signed May 23, 1984 sustaining the exception of no cause of action filed by Union Wood is affirmed.
In appeal No. 16,855, the judgment signed July 19, 1984 sustaining the exception of no cause of action filed by Georgia Casualty is affirmed.
In appeal No. 16,898, the appeal is dismissed as it relates to the interlocutory judgment signed July 20, 1984 sustaining the exception of improper cumulation of actions. Otherwise, the judgment signed July 20, 1984 sustaining the exceptions of no cause of action filed by Rivers and Georgia Casualty is affirmed.
Costs of the appeal are assessed to the plaintiff-appellant.