NORRIS, Judge.
The object of this suit is to determine the ownership of certain tracts of land in Cad-do Parish. The ownership of some of these lands has already been litigated and determined between the parties now before us, in a case which was appealed to this court, Lieber v. Hamel, 446 So.2d 1240 (La.App. 2d Cir.1983), writs refused, 448 So.2d 107 (La.1984). In the earlier petitory action, presided over by Judge Bolin at the district court level, slightly modified and affirmed by this court, Judge Marvin writing, some of the disputed lands were awarded to the Hamels, while others were granted to Dr. Lieber.
I. PROCEDURAL BACKGROUND
This case arises pursuant to Dr. Lieber’s petition for a declaratory judgment regarding the ownership of certain lands in Caddo Parish. It was originally filed in 1982, but at that time the Hamels[1] interposed an exception of lis pendens against the petition, because the prior Lieber v. Hamel suit contesting the ownership of a portion of the same lands was pending at that time. In July of 1985 Dr. Lieber, representing himself, filed amendments to this petition requesting additional relief. The Hamels, defendants and parties to this appeal, filed exceptions of res judicata, estoppel and split cause of action. At a hearing on the exceptions, Judge Victory sustained the defendants’ exception of res judicata as to the lands whose ownership was adjudicated in the earlier suit, and overruled the other exceptions. Both parties appeal.
*959 The Hamels have appealed from that part of the decision which overrules their exceptions of estoppel and prohibition against splitting a cause of action and that portion of their exception of res judicata that was directed against the lands that were not at issue in the prior lawsuit. They contend that a petitory action is an exception to Louisiana’s narrow construction of preclusive concepts, and thus all parcels of land whose ownership is disputed between the same parties must be brought in the same suit. In a second assignment of error they rely on LSA-C. C.P. art. 425 to claim that Dr. Lieber split his cause of action when in his prior suit he sought ownership of only part of the lands that were in dispute between the parties at that time. They finally argue that he is barred by estoppel from claiming one certain parcel of land, referred to as Carolyn’s levee, because in the prior suit he specifically said that tract was not at issue in that suit.
II. HAMELS’ ISSUES
A.RES JUDICATA
For an exception of res judicata to be sustained there must be the same parties, the same object and the same cause. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. LSA-C.C. art. 2286; Rivette v. Moreau, 336 So.2d 864 (La.1976). The lands that were not included in the prior suit do not fit the requirement that the object be the same. Defendants cite Tassin v. Sayes, 386 So.2d 995 (La.App. 3d Cir.1980) for the proposition that actions seeking ownership of real property are an exception to Louisiana’s narrow construction of preclusive concepts, including res judicata. While this is true, what the case stands for is that in an action seeking recognition of ownership of immovables any causes which can be pleaded must be pleaded or else the judgment will be considered res judicata as against those causes that could have been pleaded. Tassin v. Sayes, supra. Defendants have misinterpreted Tassin by confusing the property, which is the object of the suit, with the claims that are asserted against it. Their argument is that the lands whose ownership was not disputed in the prior suit cannot be contested now because the ownership of other, similarly situated lands had been adjudicated in the earlier suit. This claim has no basis in Louisiana jurisprudence.
B.SPLIT CAUSE OF ACTION
There is no merit in the defendants’ objection that Dr. Lieber violated the LSA-C.C.P. art. 425 prohibition against splitting a cause of action by contesting in the instant suit the ownership of property not at issue in the previous suit. A cause of action is not split when the same parties bring two separate actions to determine the ownership of two separate tracts of land. Board of Commissioners for Buras Levee District v. Cockrell, 91 F.2d 412 (5th Cir.1937), cert. denied, 302 U.S. 740, 58 S.Ct. 142, 82 L.Ed. 572 (1937).
C.ESTOPPEL
The defendants’ third argument is that Dr. Lieber’s actions through counsel in the previous case give rise to estoppel. They improperly attempt to raise this claim by an exception. The plea of estoppel cannot be raised by exception, but must be pleaded affirmatively in the answer. LSA-C.C.P. art. 1005; LSA-C.C.P. art. 927; Weil v. State Farm Fire and Casualty Co., 323 So.2d 524 (La.App. 4th Cir.1975).
III. LIEBER’S ISSUES
A. RES JUDICATA
The main question raised by Dr. Lie-ber’s appeal is whether the exception of res judicata was properly applied to those lands whose ownership was at issue in the earlier case. In order for res judicata to apply, three requirements must be met: the thing demanded must be the same, the demand must be between the same parties and the demand must be founded on the same cause of action. LSA-C.C. art. 2286; Lowe v. Rivers, 445 So.2d 105 (La.App. 2d Cir.1984). Dr. Lieber has admitted that the *960 same parties are involved in this appeal as in the previous suit, and that it concerns ownership of lands that are in part the same.[2] Dr. Lieber contends that the exception of res judicata cannot be sustained because the cause is different. His argument is that in the previous suit he sought ownership of the lands, while here he is asking that the levee servitude affecting those lands be recognized as still in existence and belonging to the public. Thus, Lieber contends the Hamels were prohibited from acquiring by acquisitive prescription the lands burdened by these servi-tudes.
In his July 12, 1985 amended petition Dr. Lieber prayed “[tjhat a declaratory judgment be made to the effect that Petitioner is the owner of fee title to all lands beneath levees as well as to all lands not beneath levees as described in the Correction Deed ... ” R. p. 23. At the hearing on defendants’ exceptions, he testified “I seek ownership of one segment of levee land, and reaffirmation or confirmation of my ownership having to do with other segments of land, which may or may not contain the levees.” R. p. 178. It is clear from the voluminous briefs and pleadings he has filed that Dr. Lieber is in fact seeking ownership of these lands.[3]
Dr. Lieber also opposes the exception of res judicata by arguing that the prior judgment which forms the basis for the exception is a nullity. He is making a collateral attack on the validity of a judgment, which is not allowed under LSA-C. C.P. art. 2004. In order to directly attack a prior judgment for fraud and ill-practices, the petition must “... clearly and definitely allege facts from which such elements may be unmistakably concluded.” Horney v. Scott, 171 So. 172 (La.App. 2d Cir.1936). Conclusory statements which do not have the requisite specificity are not sufficient even to state a cause of action. Lowe v. Rivers, 465 So.2d 839 (La.App. 2d Cir.1985). In none of Dr. Lieber’s 101 pages of petitions does he ever allege facts giving rise to fraud and ill-practice that meet the standard of specificity required. LSA-C.C.P. art. 2004; Lowe v. Rivers, id. Dr. Lieber, in his pleadings, continually requests declaratory judgment relief recognizing his ownership of the lands at issue, as well as vague, ill-defined injunctive and “summary judgment” relief. Even construing the allegations of his petition liberally we cannot conclude that the non-specific and concluso-ry allegations he makes suffice as a direct attack to annul the previous judgment.
Additionally, the Tassin, supra, doctrine would prevent Dr. Lieber from raising any claims to those lands whose ownership was litigated in the prior Lieber *961 v. Hamel suit that he could have pled in that earlier suit. Dr. Lieber should have asserted any claims he had to that property in his 1982 petitory action against these same defendants. He is not allowed to reserve an issue in order to relitigate the question of ownership of the same tracts of land with the same parties. Any new litigation must be based on a new title. Tas-sin, supra. Therefore, even if he were correct in his contention that the issue of the levee servitude and its effect on the Hamels’ acquisitive prescription had not been raised in the earlier suit, he is barred from raising it in this one.
The trial court was correct in sustaining the Hamels’ exception of res judicata as to the lands whose ownership was determined in the prior suit.
In addition to objecting to the trial court’s ruling on the Hamels’ exception of res judicata, in his appeal Dr. Lieber makes the following assignments of error:
(1) Did the Hamels’ counsel err in first exposing a known erroneous plat, thereafter refusing to introduce into evidence other plats that attack the validity of the introduced plat;
(2) Did Judge Bolin err and deny Dr. Lieber due process and equal treatment of the law by refusing to specify where the chain of title was in error;
(3) Did Judge Bolin err in refusing to specify code articles relating to how a levee can be released;
(4) Did Judge Bolin err in refusing to apply codal articles relating to prescription of levee lands;
(5) Did Judge Marvin err in refusing to correct the above errors of Judge Bolin;
(6) Did Judge Marvin err in misrepresenting the law in LSA-R.S. 38:295 by changing the word “property” to “land” and later refusing to correct this when it was pointed out to him by Dr. Lieber;
(7) Did Judge Victory deny Dr. Lieber due process and equal treatment of the law by not allowing him to present and question witnesses and introduce exhibits;
(8) Did Judge Victory deny Dr. Lieber due process and equal treatment of the law when the Judge did not allow a hearing of his complaints;
(9) Did Judge Victory err in not allowing Dr. Lieber to present evidence of fraud in rebuttal to the exception of res judica-ta;
(10) Did Judge Victory err in threatening Dr. Lieber?
B. ISSUES 1 to 6
Issues number one through six raised by Dr. Lieber relate not to the instant suit and more particularly the exception of res judicata appealed from, but rather to the prior suit between these parties, which defendants rely on in raising the exception of res judicata. These assignments of error relate to a final judgment which cannot be attacked collaterally in this action seeking ownership of immovable property. LSA-C.C.P. art. 2004.
Moreover, most of these assignments of error complain of errors of law, which cannot serve as the grounds for an action of nullity. Fidelity & Casualty Co. of New York v. Clemmons, 198 So.2d 695 (La.App. 1st Cir.1967), writ denied, 251 La. 27, 202 So.2d 649 (La.1967).
C. ISSUES 7, 8 and 9
Dr. Lieber argues that Judge Victory erred in not allowing him to present witnesses and exhibits, refusing to hear certain of his complaints, and not allowing him to present evidence of fraud in rebuttal to an exception of res judicata. From our reading of the transcript, it is clear that the complaints, evidence, and exhibits all related to the previous case, which could not be relitigated at the hearing on an exception of res judicata. Judge Victory properly limited the evidence to the issue presented. Nor should Dr. Lieber’s allegations of fraud have been considered. Nullity of a judgment cannot be raised collaterally, and we have already established that it was not pled with enough specificity to constitute a direct attack on the judgment. LSA-C.C.P. 2004.
*962 D. ISSUE # 10
Dr. Lieber alleges that Judge Victory threatened him, but fails to specify what the nature of the threat was. We have carefully read all records of the court minutes and transcript, but are unable to find an instance in which Judge Victory behaved in a manner which was less than courteous. We find no factual basis for his complaint in the record.
IV. CONCLUSION
We have found merit in neither plaintiff’s nor defendants’ assignments of error, and accordingly affirm the judgment of the trial court. Costs of this appeal are assessed equally against plaintiff and defendants.
AFFIRMED.

. Dr. Lieber has also made John Normand, the Caddo Levee District Board of Commissioners, the Louisiana State Transportation and Development, Department of Highways, the Caddo Parish Commission and the City of Shreveport (Mayor John Hussey) defendants in this suit. The defendants who raised the exceptions now before us on appeal are Milton Hamel, Carolyn Hamel Griffen, Jean Marie Hamel and the Hamel Family Partnership. For the sake of brevity we refer to the latter group of defendants collectively as "defendants” or "Hamels."

. The court below only sustained the Hamels’ exception of res judicata only as to those lands whose ownership was disputed in the prior case.

. We note that even if Dr. Lieber were correct in his assertion that the cause of his petition is to establish the existence of a servitude, then that portion of the Hamels’ exception of res judicata from which he appeals would still be effective. The phrase “cause of action" in LSA-C.C. art. 2286 has been interpreted to mean "cause" in the civilian sense. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). Cause is the grounds on which an action is based; the material or juridical fact which is the basis of the right claimed or the defense pleaded. Mitchell, supra. All the issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment. The court must examine the pleadings and record of the first suit to determine if the availability of a particular form of relief sought in the second suit was actually ruled on. Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978). In the earlier suit, Lieber v. Hamel, supra, Dr. Lieber’s 1968 petition requested that he be recognized as the owner of certain lands in the possession of the defendant. R. p. 3-4. The January 11, 1982 opinion by Judge Bolin rejected Dr. Lieber’s argument that the existence of levee servitudes had prevented the Hamels from acquiring the land by acquisitive prescription. The court found that the levee servitude had been abandoned by the Caddo Parish Levee board in 1930 or 1931, that the ten year liberative prescription did not apply, and that the defendants had acquired the lands by acquisitive prescription. It was appealed to this court, where Judge Marvin also rejected his argument that the levee servitude rendered the disputed land insusceptible of prescription. Indeed, the status of the levee servitudes and when prescription could run against them was a part of the holding of the prior case. Lieber v. Hamel, supra.